JAMES F. McCOY, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Larceny:** INFORMATION :. An information charging a defendant with the crime of larceny in the following form : "That on our about the 22d day of May, in the year of our Lord one thousand eight hundred and eighty-five, one James F. McCoy, late of said county of Madison, and state aforesaid, unlawfully, willfully, and feloniously, one brown gelding of the value of $150, of the personal property of one Victor Cavalin, did convert to his own use, with the intent to steal the same, the said James F. McCoy, then and there being the bailee of said property," *Held,* To be insufficient to support a verdict of guilty and judgment thereon as not alleging that the crime was committed within the jurisdiction of the court in which the information was filed.

2. ———: VERDICT. The verdict by which the defendant was found guilty of larceny "in manner and form as charged in the first count or paragraph of the information," without ascertaining the value of the property alleged to have been stolen, is insufficient, under the provisions of section 488 of the criminal code, to sustain a sentence of imprisonment in the penitentiary.

ERROR to the district court for Madison county Tried below before CRAWFORD, J.

*William V. Allen,* for plaintiff in error, cited Maxwell's Crim. Proc., 639, *et seq.*

*William Leese, Attorney General,* for the state.

REESE J. `

Plaintiff in error was convicted of the crime of larceny as bailee of personal property, under the provisions of section 121*b* of the criminal code. He was sentenced to two years imprisonment in the penitentiary, and brings the cause to this court by petition in error. Pending the proceedings in this court he made application for a writ of *habeas corpus,* by which he seeks to be admitted· to bail. His petition for the writ being submitted, was taken under advisement, and pending decision thereon the proceedings in error were submitted upon the merits by the counsel for plaintiff in error and the attorney general.

The information consists of two counts, one for the larceny of the property described, the other for embezzlement. Upon the trial the court gave to the jury instruction number nine, which is as follows: "You are instructed to find defendant not guilty as to the second count in the information." By this the cause was retained for trial only upon the first count.

The charging part of this count is as follows: "That on or about the 22d day of May in the year of our Lord one thousand eight hundred and eighty-five, one James F. McCoy, late of the said county of Madison, and state aforesaid, unlawfully, willfully, and feloniously, one brown gelding of the value of $150, of the personal property of one Victor Cavalin, did convert to his own use with intent to steal the same, and he, the said James F. McCoy, then and there being bailee of said property aforesaid," etc.

It will be observed that this count of the information

contained no allegation as to the county or state in which the alleged crime was committed. This was evidently an oversight on the part of the pleader, as it is elementary that to confer jurisdiction upon the court for the trial of an offender the information or indictment must allege specifically that the crime was committed within the jurisdiction of the court. No argument upon this proposition is deemed necessary, and its consideration may be dismissed with the remark that the information is clearly insufficient to sustain the judgment.

The verdict of the jury upon which the judgment is based, is as follows:

"We, the jury duly impaneled and sworn in the above entitled cause, do find the defendant, James F. McCoy, guilty in the manner and form as charged in the first count or paragraph of the information, and not guilty as to the second count or paragraph of the information."

The section under which the plaintiff in error was convicted, is as follows: "That if any bailee of any money, bank bill, or note, goods, or chattels, shall convert the same to his or her own use, with the intent to steal the same, he shall be deemed guilty of larceny in the same manner as if the original taking had been felonious, and on conviction thereof, shall be punished accordingly." Sec. 121b, Crim. Code.

It will be seen that the well established rule applicable to prosecutions for larceny, established by the criminal code of this state, with reference to the value of the stolen property, is made applicable to offenses defined by this section. "He shall be deemed guilty of larceny in the same manner as if the original taking had been felonious," etc.

By reference to section 114 and 119 of the criminal code, it will be seen that stealing of property of the value of over $35 is made a felony. Under $35 a misdemeanor.

Section 488 of the criminal code is as follows: "When the indictment charging an offense against the property of

another by larceny, embezzlement, or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen, embezzled, or feloniously obtained."

This provision of the code, although clearly applicable to the case at bar, was wholly ignored. Its provisions are mandatory, and cannot be evaded.

The verdict, therefore, conferred no authority upon the trial court to enter a judgment or sentence by which plaintiff in error was convicted of felony. This question was presented to the trial court by the plaintiff in error in his motion in arrest of judgment, but the motion was overruled and judgment entered upon the verdict, to which the plaintiff in error excepted, and which is now assigned as error by the petition in error. The judgment, therefore, cannot stand.

The judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other judges concur.