JAMES McCORMICK V. STATE OF NEBRASKA.

FILED DECEMBER 4, 1894.    No. 7209.

1. **Larceny:** VALUE OF PROPERTY: VERDICT. The provision of section 488 of the Criminal Code that the jury on a conviction for larceny "shall ascertain and declare in their verdict the value of the property stolen," etc., requires a definite finding, and a conviction for grand larceny cannot be sustained upon mere estimate by the jury of the value of the property stolen.

2. ———: ———: ———. A verdict in the following form: "We, the jury in the above entitled cause, duly impaneled and sworn, do find the defendant James McCormick guilty as he stands charged. Amount, estimated, of stolen property, $95. I. A. Baker, Foreman," *held*, an estimate only, and not an ascertainment of the value of the property within the meaning of the statute.

ERROR to the district court for York county. Tried below before BATES, J.

*George B. France,* for plaintiff in error.

*George H. Hastings, Attorney General,* for the state.

POST, J.

At the November, 1893, term of the district court for York county an information was filed by the county attorney in which the plaintiff in error was, in two counts, charged with larceny and the knowingly receiving of stolen property. At the February, 1894, term a trial was had, resulting in the following verdict:

"THE STATE OF NEBRASKA ⎱ February term, 1894, to-
               v.          ⎰ wit, February 20, 1894.
JAMES McCORMICK.

"We, the jury in the above entitled cause, duly impaneled and sworn, do find the defendant James McCormick guilty as he stands charged in the first count of the infor-

mation and not guilty as to the second count. Amount, estimated, of stolen property, $95.    I. A. BAKER,
*"Foreman."*

A motion for a new trial and in arrest of judgment was overruled and the accused sentenced to a term in the penitentiary, which judgment he seeks to reverse by means of this petition in error.

The only assignment of error which we are called upon to notice is that which relates to the form of the verdict. It is contended that the finding therein with respect to the value of the property stolen is indefinite and insufficient to sustain the conviction for grand larceny.    The provision of statute which bears upon the subject is found in section 488 of the Criminal Code, and reads as follows: " When the indictment charges an offense against the property of another by larceny, embezzlement, or obtaining property under false pretenses, the jury on conviction shall ascertain and declare in their verdict the value of the property stolen, embezzled, or falsely obtained." It is a fundamental principle of our criminal jurisprudence that, in order to warrant a conviction for a felony, the state must establish all of the essential elements thereof by proof beyond a reasonable doubt.    In this state the stealing of property of the value of $35 or upwards is a felony, and punishable by imprisonment in the penitentiary, while the stealing of property of a less value than $35 is a misdemeanor and punishable by a fine not exceeding $100, or imprisonment in the county jail not exceeding thirty days. (Sections 114, 119, Criminal Code.)    The stealing of property of any value is a larceny, but stealing property of a specified value is declared to be grand larceny, which is a felony. (Criminal Code, sec. 247.)    In short, the latter is the exception to the rule, and in the absence of a finding in substantial compliance with the provision above quoted, the accused cannot be adjudged guilty of grand larceny. It is conceded that the value which is required to determine

the degree of the offense is an essential element of grand larceny. But the jury in prosecutions for larceny are required not to estimate but to determine the value of the property. The verb "determine" is thus defined : "To fix the boundaries of; to mark off and separate. 2. To set bounds to; to fix the determination of; to limit; to bound; to bring to an end; to finish. 3. To fix the form or character of; to shape; to prescribe imperatively; to regulate; to settle. *   *   *   5. To ascertain definitely. *   *   * 6. To bring to a conclusion, as a question or controversy; to settle by authoritative or judicial sentence; to decide." (*Vide* Webster's International Dictionary.) According to the same authority, "to estimate" is "To judge and form an opinion of the value, from imperfect data, *   *   * to fix the worth of roughly or in a general way. *   *   * 2. To form an opinion of, as to amount, number, etc., from imperfect data, comparison, or experience; to make an estimate of; to calculate roughly; to rate." While the noun "estimate" is defined as "A valuing or rating by the mind, without actually measuring, weighing, or the like; rough or approximate calculation." It seems clear from the foregoing definitions that the jury's estimate will not answer the requirements of the statute to ascertain and declare the value of the property, and that the judgment which rests thereon cannot be sustained. It is admitted that a judgment in a civil action may be sustained upon a finding no more formal or complete than that now before us. But we have been referred to no case, and believe none can be cited, in which such a one has been held a compliance with a statute in terms or substance like ours. There are on the other hand adjudications which strongly support the conclusion here announced. For instance, the Texas Criminal Code requires all verdicts to be in writing, and when the plea is not guilty the jury shall find the defendant guilty or not guilty. It was held in *Shaw v. State,* 2 Tex. App., 487, that a verdict which omits the word find is fatally

defective and will not sustain a verdict based thereon.    It follows from what has been said that the sentence imposed was unwarranted by the verdict and that the judgment must be reversed and the cause remanded for further proceedings in the district court.    The other assignments all refer to exceptions taken at the trial, not affecting the merits of the case, and do not therefore require to be noticed in this opinion.

REVERSED.