Fisher v. State.

---

RYMAN FISHER V. STATE OF NEBRASKA.

FILED NOVEMBER 4, 1897.    No. 9438.

Larceny: VALUE OF PROPERTY. A verdict of guilty in a prosecution for larceny is fatally defective, which omits to find the value of the property alleged to have been stolen. *McCoy v. State,* 22 Neb., 418, followed.

ERROR to the district court for Sheridan county. Tried below before WESTOVER, J. *Reversed.*

*W. W. Wood* and *R. C. Noleman,* for plaintiff in error.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy Attorney General,* for the state.

NORVAL, J.

An information was filed in the district court of Sheridan county in which the defendant, Ryman Fisher, was

charged with the larceny of two yearling heifers and one yearling steer, the property of I. T. Richardson. The accused, on being arraigned, pleaded not guilty. Upon the trial the jury returned a verdict as follows:

"We, the jury in this case, being duly impaneled and sworn, do find the defendant, Ryman Fisher, guilty as charged in the information herein filed.

"B. F. CARTER, *Foreman.*"

A number of errors are assigned and argued, but one of which it is deemed necessary to notice, and that is, the verdict returned is insufficient, in substance, to authorize the entry of the judgment and sentence. The jury omitted to find the value of the property stolen, which is a fatal defect, since section 488 of the Criminal Code requires, in a prosecution for larceny: "The jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen." Said provision was under consideration in *McCoy v. State*, 22 Neb., 418, and the same was held mandatory, and that a verdict of guilty for the offense of larceny, which fails to ascertain the value of the stolen property, is insufficient to sustain a sentence of imprisonment. In *McCormick v. State*, 42 Neb., 866, it was determined that a verdict, on a conviction for larceny, was insufficient, which merely estimated the value of the stolen goods. The case at bar is ruled by those decisions. The judgment is

REVERSED.