ALICE HOLMES V. STATE OF NEBRASKA.

FILED MARCH 22, 1899.  No. 10520.

1. Larceny: VALUE OF PROPERTY: INFORMATION.  A general verdict of guilty of the crime of larceny from the person, from which is omitted a statement of the value of the property alleged to have been stolen, is fatally defective.

2. ———: ———: VOID SENTENCE.  A verdict which lacks a finding of an essential element of the crime charged will not support a sentence, and a judgment based thereon is void.

3. ———: ———: ———: REVIEW: ASSIGNMENTS OF ERROR.  The question of the effectiveness of such a verdict will be examined and determined in an error proceeding to this court, although not of the assignments of the motion for a new trial.

ERROR to the district court for Douglas county. Tried below before SLABAUGH, J. *Reversed.*

*Lee S. Estelle,* for plaintiff in error.

*C. J. Smyth, Attorney General,* and *W. D. Oldham, Deputy Attorney General,* for the state.

HARRISON, C. J.

An information was filed in the district court of Douglas county in which the plaintiff in error was charged with the statutory crime of larceny from the person. The amount alleged to have been so stolen was stated as follows: "Forty-five dollars in money, of the value of forty-five dollars." The accused, who had been arrested, was arraigned, entered a plea of not guilty and was placed on trial. The trial jury returned a verdict of guilty, which was in terms as follows: "We, the jury, duly impaneled and sworn to well and truly try and true deliverance make between the state of Nebraska and Alice Holmes, the prisoner at the bar, do find the said defendant guilty of larceny from the person, as she stands charged in the information." Sentence was pronounced against the accused of confinement in the penitentiary for a designated term.

It is urged in an error proceeding to this court that the verdict was insufficient, in that it was general and did not find the value of the property or thing stolen, and being so defective furnished no basis for a judgment or sentence. The section of the Criminal Code under which the prosecution was instituted reads as follows: "Every person who steals property of any value by taking the same from the person of another without putting said person in fear by threats or the use of force and violence, shall be deemed guilty of grand larceny, and shall, upon conviction thereof, be punished by confinement in the penitentiary for not less than one nor more than seven

years." (Criminal Code, sec. 113a.) The section of the Criminal Code the provision of which it is asserted was governable, and under which the verdict herein was clearly insufficient, is worded as follows: "When the indictment charges an offense against the property of another by larceny, embezzlement, or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen, embezzled, or falsely obtained." (Criminal Code, sec. 488.) We are satisfied, after an examination of the subject, that the section just quoted is applicable to all larcenies, and the crime charged in the information in the case at bar was a larceny. The verdict lacked one essential element, and without it could not support a judgment. The trial court could not impose the sentence which was adjudged, and such judgment was without force or void. (1 Bishop, Criminal Procedure sec. 1005; *In re McVey,* 50 Neb. 481.) The section (488) of the Criminal Code under consideration was evidently copied literally from the Code of Ohio. It is an exact reproduction of section 167 of said Code. In the case of *Armstrong v. State,* 21 O. St. 357, there was a trial of the accused on a charge in one count of the indictment of stealing a horse of an alleged value, and a second count for receiving a stolen horse of the same alleged value. There was a conviction, the verdict being a general one and without any finding of the value of the property. In an error proceeding to the supreme court it was stated in the opinion rendered, after quoting section 167 of the Criminal Code: "The Code now in force, on this subject, is peremptory. The only question is whether it applies to the offense of horse-stealing under the 27th section of the crimes act (S. & C. 412), which makes it a penitentiary offense whatever may be the value of the animal stolen. In all cases of larceny under other sections of the statute (S. & C. 408 and 439) there is an obvious reason for requiring the jury, on conviction, to return in their verdict the value of the property stolen, for that is what determines the grade of the offense, and

the kind of penalty imposed by the statute. The same is true of the crime of embezzlement. (S. & C. 426.) If this was the only reason for the requirement of the 167th section of the Criminal Code, there would be strong reason for doubting its application to the crime of horse-stealing, for it would have no practical effect. There is nothing in the crimes act giving the term 'larceny,' as used in the 167th section of the Code, any significance other than its ordinary meaning; for, while the word is used in the section making the stealing of property of thirty-five dollars in value a penitentiary offense, it is not used in the section affixing a less penalty for the stealing of property of less value, nor is it used in the section relating to horse-stealing. Horse-stealing is larceny, and the language employed in the 167th section of the Code is clearly broad enough to embrace that offense. It expressly includes in its provisions the offense of obtaining property by false pretenses, and the grade of punishment affixed to this offense by the statute, like that of horse-stealing, does not depend upon the value of the property obtained. Since, then, the section applies expressly to one of these offenses, we cannot well hold that it has no application to the other, for there is no reason for applying it in one case that is not equally strong in the other. The determination of the grade of punishment is not, then, the only reason for this provision of the Code. Although the value of the property stolen in one case, or falsely obtained in the other, may not affect the grade or kind of penalty imposed for these offenses, it may influence the degree of punishment to be inflicted. The statute gives a wide discretion to the court as to the degree of punishment to be adjudged, on conviction. In this view it may have been regarded as material to the substantial right of the defendant that the actual value of the property stolen or falsely obtained should be 'ascertained and returned' in the verdict, and that it should not be left as on a general verdict of guilty, according to respectable authorities it might be (1 Bishop,

Criminal Procedure sec. 719), to be implied to the amount stated in the indictment. . But whatever reasons may have induced the enactment of the section, its terms are such, we are constrained to hold, that the offense for which the defendant was tried was embraced in its provisions. To hold the reverse would virtually be a judicial repeal of the section."

We are entirely satisfied with the reasoning employed in the opinion from which we have just quoted, and think it stated the correct rule. In the case of *McCoy v. State*, 22 Neb. 418, the prisoner was tried on the charge, and declared guilty by general verdict, of the crime of larceny as bailee and no value of the property was stated in the verdict. In an opinion of this court it was said, after quoting section 488 of the Criminal Code: "This provision of the Code, although clearly applicable to the case at bar, was wholly ignored. Its provisions are mandatory and cannot be evaded. The verdict, therefore, conferred no authority upon the trial court to enter a judgment or sentence by which plaintiff in error was convicted of felony." (See, also, *McCormick v. State*, 42 Neb. 866; *Fisher v. State*, 52 Neb. 531.) That the verdict in the case at bar lacked an essential element was not presented by the assignments in the motion for a new trial, or by any plea in the trial court. The attention of that court does not seem to have been challenged or directed to the fact of the defectiveness of the verdict; it is, however, of the assignments of the petition in error. It is argued for the state that the record being as we have stated, no advantage can now be taken of the matter of the lack of finding in the verdict. The trial court might have set aside the verdict of its own volition, if on examination it had discovered prejudicial error. (*Weber v. Kirkendall*, 44 Neb. 766.) We have no hesitancy in saying that in a case where there has been a sentence to imprisonment in the penitentiary, or sentence to punishment for a crime of the grade of a felony, this court will examine the question, if raised by the assignments of the petition in error,

of the existence of such a deficiency in the verdict as renders it insufficient in substance to sustain the sentence imposed. It follows that the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.