JOSEPH KELLER V. EDWARD D. DAVIS, WARDEN OF THE PEN-
ITENTIARY OF THE STATE OF NEBRASKA.

FILED JUNE 18, 1903. No. 13,125.

1. **Habeas Corpus**: SCOPE OF INQUIRY. On *habeas corpus* the inquiry
is confined to matters which are jurisdictional, mere irregularities
or errors, however gross, which do not render the proceedings a
nullity, not being considered.

2. **Quaere.** Whether the provisions of section 488 of the criminal code,
requiring the jury to ascertain and declare in their verdict the
value of the property stolen, apply to prosecutions had under
section 117 of the criminal code, *quaere.*

3. **Criminal Law**: JURISDICTION: VALUE OF PROPERTY. In a prosecution
under the provisions of section 117 of the criminal code, the jury
returned a verdict of guilty, but did not include therein a declara-
tion of the value of the property stolen. The sentence pronounced
was two years imprisonment in the penitentiary. *Held,* That as
the value of the property did not affect the character of the
crime, the defect in the verdict was at most error, and did not
deprive the court of jurisdiction to pronounce sentence.

4. **Habeas Corpus**: REVIEW OF EVIDENCE: MOTION FOR NEW TRIAL.
Where, in an application for a writ of *habeas corpus*, there is a
trial to the court, evidence is adduced, and judgment rendered
on the merits, before the appellate court will inquire whether the
judgment is supported by sufficient evidence, it must appear of
record that a motion for a new trial was made and overruled.

ERROR to the district court for Lancaster county: ED-
WARD P. HOLMES, DISTRICT JUDGE. *Affirmed.*

*R. C. Noleman, Thomas J. Doyle* and *George W. Berge,*
for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown,*
contra.

KIRKPATRICK, C.

This is a proceeding in error brought to reverse a judg-
ment of the district court for Lancaster county, denying
the application of one Joseph Keller to be discharged upon
a writ of *habeas corpus,* and remanding him to the cus-
tody of the warden of the state penitentiary. It is dis-

closed by the record, that on the 18th day of November, 1902, Joseph Keller, petitioner, was convicted in the district court for Cheyenne county, upon an information charging him with the larceny of eight head of horses of the value of thirty-five dollars each. Upon the trial a verdict was returned, which, omitting the title of the case, was as follows:

"We, the jury in this case, being duly impaneled and sworn, do find the defendant guilty.

"L. A. GANSON, *Foreman.*"

On the return of this verdict, petitioner filed a motion for a new trial and for arrest of judgment, which was by the trial court overruled and he was thereupon sentenced to be confined in the penitentiary for a period of two years, and that he pay the costs of prosecution. After incarceration, petitioner presented his application for a writ of *habeas corpus* to the district court for Lancaster county. The writ was duly issued, and served upon the warden, who made return, setting up a copy of his *mittimus,* under which he held plaintiff in error, and setting up that plaintiff in error was duly and legally convicted of the crime of horse stealing in the district court for Cheyenne county; that no appeal or error proceedings had been prosecuted to the supreme court from the judgment and sentence; and denied generally all other matters contained in the petition.

Section 488 of the criminal code is in the language following:

"When the indictment charges an offense against the property of another by larceny, embezzlement, or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained."

It will be observed that the verdict quoted fails to declare the value of the property stolen; and by plaintiff in error it is claimed that for that reason the verdict is a nullity; the trial court, as a consequence, being without

authority to pronounce sentence. Our attention has not been called to any decision expressly holding that the section quoted is applicable to the larceny of horses, yet, by analogy at least, *Holmes v. State,* 58 Neb. 297, holds that it is, and, in the further consideration of this case, we will assume that it is.

The rule is certainly well settled that on an application for a writ of *habeas corpus* mere errors or irregularities, not jurisdictional, are unavailing and will not be considered. *In re Fanton,* 55 Neb. 703. The rule applicable to such proceedings may be said to be not open to question; that the only subjects of inquiry are, the jurisdiction of the court of the person and the subject matter of the offense, and jurisdiction to pronounce the particular judgment or sentence.

Plaintiff in error was duly and legally informed against by the county attorney, under the proper section of the code. That the district court had jurisdiction of the subject matter of the charge, and the person of the defendant, is not questioned. The sole question is: Did the court have jurisdiction to pronounce the sentence which it did pronounce, under the verdict containing the defect mentioned? The verdict and sentence are assailed upon no other ground. It is conceded that to entitle plaintiff in error to a discharge, the sentence must be shown to be a nullity.

Manifestly, the object of the provision quoted is, that where the grade of the punishment is dependent upon the value of the property stolen, as in grand or petit larceny, the value must be determined by the jury, that the court may determine the punishment. But there is no such crime as petit larceny of horses known to our law. There is, however, a wide discretion in the trial court, as to the length of the sentence imposed upon the defendant found guilty of the larceny of horses. If, then, the determination of the value by the jury in their verdict is matter of right to the defendant, it is because the value of the property stolen would serve to enlighten this discretion. Their

failure to declare the value could be attended by only two consequences, either a punishment too high, or a punishment too low.  The trial court had jurisdiction of the person of the defendant, the subject matter of the charge, and had power to sentence him to the penitentiary, if found guilty, for a term not exceeding ten years.  Plaintiff in error could not complain that his sentence was too short. His only complaint, therefore, would seem to be, that the sentence of two years may possibly be in excess of what. it would have been, had the verdict found the value of the property stolen.  Such a complaint, made on error to this court, would doubtless result in a reversal.  *Holmes v. State, supra.*  But the writ of *habeas corpus* is not a corrective remedy, and is never allowed as a substitute for appeal or error.  *State v. Crinklaw,* 40 Neb. 759.

If it were made clearly to appear from the record that plaintiff in error had been sentenced for a period in excess of the statutory period, it would seem that, under the rule announced in *In re Fanton, supra,* he would be without right to the relief sought in this proceeding.  Such an excess of punishment is there said to be erroneous, merely, and not void, and hence not to be inquired into on *habeas corpus.*  The most that can be said of the record herein is, that the sentence might have been lighter, had the value been declared in the verdict.  This, we are sure, does not make the sentence a nullity, however fatal it might have been on error to the appellate court.

*Ex parte Dover,* 75 Ala. 40, seems, on analogy, to be in point.  The Alabama statute separates murder in the several degrees, requiring the jury's verdict to declare the degree.  In the case cited, the verdict returned was:

"Guilty as charged in the indictment, and assessing the punishment to imprisonment for life in the state penitentiary."

The discharge of the prisoner by the trial court was held error; the supreme court, in disposing of the case, quoting, with approval, the following language from 1 Bishop, Criminal Procedure, sec. 1016:

35

"If the jury bring in a defective verdict, it is equally within the power of the prisoner and the prosecuting attorney to have it set aside; and suppose the prisoner charged choose not to interfere, but suffer the defective verdict to be entered, as his interest would always prompt him to do in preference to a verdict of guilty in due form, he, by thus failing to interfere, waives his objection to be a second time put in jeopardy for the same offense."

And it was in that case held that while the verdict was erroneous, it did not deprive the court of jurisdiction to pass sentence. And, in this case, while the defect in the verdict would be held error, and ground for reversing the judgment and remanding the case, it can not, we think, be said to have deprived the court of jurisdiction to pronounce sentence.

*Holmes v. State, supra,* relied on by plaintiff in error, is cited because therein is language to the effect that the value of the property is an essential element of the crime. The *Holmes* case is certainly not in conflict with the principle announced in *In re Fanton, supra,* nor, do we believe, in conflict with the conclusion announced herein. The language, in that case, must be understood with reference to the facts of that case, and the kind of proceedings in which the question was presented. The error under consideration was certainly fatal on error proceedings, but it does not follow that it is equally fatal, on application for a writ of *habeas corpus.*

There is still another reason why this judgment must be affirmed. One of the assignments in the petition in error is, that the judgment is not sustained, and is contrary to the evidence. The record discloses that no motion for a new trial was filed and ruled on by the trial court. It would seem that in order to obtain a review of the judgment of the trial court, upon an application for a writ of *habeas corpus,* where a trial was had and the petitioner's right to his discharge determined, a motion for a new trial must be filed and ruled on. *In re Van Sciever,* 42 Neb. 772.

It follows, from what has been said, that the judgment of the trial court should be affirmed, and it is recommended that the same be done.

HASTINGS, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.