Griffith v. State.

---

JOSEPH W. GRIFFITH ET AL. V. STATE OF NEBRASKA.

FILED JUNE 16, 1913. No. 17,957.

Larceny: VERDICT: VALUE OF PROPERTY. In a prosecution for cattle stealing under section 117a of the criminal code, the jury are not required to ascertain and declare in their verdict the value of the cattle stolen. *Fisher v. State*, 52 Neb. 531, and *Holmes v. State*, 58 Neb. 297, overruled.

ERROR to the district court for Morrill county: RALPH
W. HOBART, JUDGE.   *Affirmed: Sentence modified.*

*E. D. Clark* and *M. F. Harrington,* for plaintiffs in error.

*Grant G. Martin, Attorney General,* and *Frank E. Ed-gerton, contra.*

FAWCETT, J.

From a judgment of conviction in the district court for
Morrill county, of the crime of cattle stealing, defendants
have prosecuted error to this court.

The information charges plaintiffs in error, who will be
referred to as defendants, with having stolen two red
steers of the age of four years and of the value of $160, the
property of Frank F. Peterson.   The jury returned the
following verdict: "We, the jury, duly impaneled and
sworn in the above entitled cause, do find the defendants
Joseph W. Griffith, Jr., and Joseph W. Griffith guilty of
stealing cattle in manner and form as charged in the in-
formation.   And we earnestly recommend that the court
fix as light a sentence upon the defendants as the law in
the case will permit."  As to defendant Joseph W. Griffith,
Jr., the court adjudged that sentence should be suspended
and the defendant released on parole.   Defendant Joseph
W. Griffith was sentenced to confinement in the peniten-
tiary for a period of not less than three nor more than ten
years, and pay the costs of prosecution.   No exceptions
were saved by defendants during the progress of the trial,
nor was any motion for a new trial filed or bill of excep-
tions settled, so that the case stands before us on the in-
formation, the verdict of the jury, and judgment.   The sole
question presented is that the court erred in entering judg-
ment at all against either of the defendants, for the reason
that the verdict does not fix any value on the property
alleged to have been stolen.

Defendants were prosecuted under section 117a of the
criminal code, which provides: "If any person shall steal

any cow, steer, bull, heifer, or calf, of any value, * * *
every such person so offending shall be imprisoned in the
penitentiary not more than ten years nor less than one
year, and shall pay the costs of prosecution." This section
of the code was adopted in 1895, and took effect July 6 in
that year. Defendants rely upon *McCoy v. State,* 22 Neb.
418, *McCormick v. State,* 42 Neb. 866, *Fisher v. State,* 52
Neb. 531, *Holmes v. State,* 58 Neb. 297, and *Armstrong v.
State,* 21 Ohio St. 357. *McCoy v. State* and *McCormick
v. State* were both decided prior to the enactment of the
section under consideration. At that time cattle stealing
came under the general provisions of the criminal code as
to larceny. Under the law as it then stood, a verdict like
the one in the case at bar would be insufficient. *Fisher v.
State* was a prosecution for cattle stealing. The offense
was alleged to have been committed September 30, 1895,
which it will be observed was shortly after the section
under consideration took effect. The verdict in that case
is similar to the one in the case at bar, in that it failed to
find the value of the cattle stoken. The syllabus in that
case reads: "A verdict of guilty in a prosecution for
larceny is fatally defective, which omits to find the value
of the property alleged to have been stolen. *McCoy v.
State,* 22 Neb. 418, followed." The discussion of the case
by the writer of the opinion is very brief, and clearly shows
that the court did not have in mind the new section of the
criminal code. This appears from the fact that the opinion
cites only section 488 of the code, and *McCoy v. State* and
*McCormick v. State, supra.* After citing those two cases
the opinion concludes (p. 532) : "The case at bar is ruled
by those decisions." This was an oversight on the part of
the court and of the learned judge who wrote the opinion.
The prosecution in that case was not under the code as to
larceny generally, but under a distinctly independent sec-
tion of the criminal code, complete within itself, which
made the crime charged a definite and substantive crime,
to be dealt with independently of the general provisions of
the code as to larceny (*Wallace v. State,* 91 Neb. 158),

and the case could not properly and should not have been held to be ruled by those decisions.

*Holmes v. State, supra,* was a prosecution under section 113*a* of the criminal code, enacted in 1887, which provides: "Every person who steals property of any value by taking the same from the person of another without putting said person in fear by threats or the use of force and violence, shall be deemed guilty of grand larceny, and shall, upon conviction thereof, be punished by confinement in the penitentiary for not less than one nor more than seven years." The verdict in that case found "the said defendant guilty of larceny from the person, as she stands charged in the information." Paragraph 1 of the syllabus reads: "A general verdict of guilty of the crime of larceny from the person, from which is omitted a statement of the value of the property alleged to have been stolen, is fatally defective." In that case, as in *Fisher v. State, supra,* the court proceeded upon the theory that section 488 applied. The cases cited in the opinion are *McCoy v. State, McCormick v. State, Fisher v. State,* and *Armstrong v. State, supra.*

In *Armstrong v. State,* the Ohio court seems to have fallen into the same error as this court did in *Fisher v. State* and *Holmes v. State,* viz., in holding that the case was governed by section 167 of their criminal code, which is substantialy the same as our section 488, notwithstanding the fact that by the twenty-seventh section of the Crimes Act horse stealing was a made a penitentiary offense, "whatever may be the value of the animal stolen." The position of the Ohio court in a case of larceny from the person (which was *Holmes v. State*) is made clear in *Harris v. State,* 57 Ohio St. 92, and *State v. Whitten,* 82 Ohio St. 174, where it is distinctly held that a verdict upon the trial of an indictment for pocket picking which finds the defendant guilty of pocket picking in manner and form as charged in the indictment is sufficient to sustain judgment and sentence, although such verdict does not find and return the value of the property taken. It is true *Armstrong v. State* is not overruled in either *Harris v. State,*

or *State v. Whitten*, but is distinguished as involving an offense against property, while the two later cases involve crimes against the person. This distinction is drawn from the fact that larceny is provided for in chapter 4, under the subtitle of "Crimes against Property," while pocket picking is provided for in chapter 3 of title 1 of the penal subdivision of the statutes, entitled "Crimes against the Person."

We deem it unnecessary to enter into a discussion of the provisions of the Ohio law referred to, or of the distinction drawn by that court, preferring to determine the case upon careful consideration of our own code in an effort to get right in its construction. We think this court went wrong in *Holmes v. State,* and on reading *Keller v. Davis,* 69 Neb. 494, we discover that this is not the first time we have doubted the soundness of that case. In the case just cited, in commenting upon section 488, *supra,* the opinion says (p. 496) : "Our attention has not been called to any decision expressly holding that the section quoted is applicable to the larceny of horses, yet, by analogy at least, *Holmes v. State,* 58 Neb. 297, holds that it is, and, in the further consideration of this case, we will assume that it is." But in paragraph 2 of the syllabus it is held: "Whether the provisions of section 488 of the criminal code, requiring the jury to ascertain and declare in their verdict the value of the property stolen, apply to prosecutions had under section 117 of the criminal code, *quære.*" Upon a careful consideration of section 117 of the criminal code, and of our former decisions, we are all of the opinion that the query contained in *Keller v. Davis, supra,* should now be definitely answered and that section given the full force and effect evidently intended by the legislature when it was enacted. Section 117 makes horse stealing a felony, without regard to the value of the animal stolen. Section 117*a* makes the same provision as to cattle stealing; section 117*b* the same as to hog stealing; and section 117*c* the same as to the stealing of chickens and other domestic fowls. Prior to the enactment of these sections, section

488 required the jury to find the value of the property stolen. This was necessary in order to determine the grade of the crime—whether grand or petit larceny. By the new sections the stealing of any of the animals or fowls enumerated is made a felony, without reference to value. The value has nothing to do with determining the grade of the crime. It is therefore unnecessary, for that purpose, for the jury to find the value of the property.

There was formerly another reason why the jury should find the value of the property. Prior to the adoption of section 502a of the criminal code, known as the indeterminate sentence act, the trial court was vested with a large discretion in passing sentence upon one convicted of crime, within the limitation of the maximum and minimum penalty fixed by statute. Then the verdict of the jury as to the value of cattle stolen would aid the court in determining the degree of punishment to be inflicted. The court would not be likely to sentence one convicted of stealing a calf of the value of $10 to as long a term of imprisonment as one who had been convicted of stealing a number of animals of considerable value; but that is all changed by section 502a, which provides that every person over the age of 18 years, convicted of a felony or other crime punishable by imprisonment in the penitentiary, excepting murder, treason, rape and kidnapping, "shall be sentenced to the penitentiary; but the court imposing such sentence shall not fix the limit or duration of the sentence, but the term of imprisonment of any person so convicted shall not exceed the maximum nor be less than the minimum term provided by law, for the crime for which the person was convicted and sentenced; the release of such person to be determined as hereinafter provided." By succeeding sections the matter of release is placed in the hands of the state prison board. There being no longer any reason for requiring the jury to find the value of the property stolen, and section 117a of the criminal code making the larceny of cattle a felony, regardless of value, we see no reason why the value should be stated in the verdict. We there-

fore hold that, in a prosecution for cattle stealing under section 117a of the criminal code, the jury are not required to ascertain and declare in their verdict the value of the cattle stolen. *Fisher v. State*, 52 Neb. 531, and *Holmes v. State*, 58 Neb. 297, are overruled.

In one respect the district court erred. The penalty provided by section 117a, in case of conviction, is imprisonment in the penitentiary for not more than ten years nor less than one year. Section 502e of the criminal code authorizes the state prison board to establish rules and regulations by which prisoners within the penitentiary may be allowed to go upon parole at any time after "the minimum term fixed by law for the offense has expired." This would entitle the defendants to be permitted to go upon parole at the expiration of one year. The court, however, in passing sentence upon defendant Joseph W. Griffith, fixed the minimum at three years, thus depriving him of two years of time within which the prison board might permit him to go upon parole. This right to parole is a substantial right, of which one convicted of crime cannot be deprived by the court. While holding that it is not within the power of the district court to fix the minimum of the sentence at a greater period than that fixed by law, we do not at this time decide that the court may not fix the maximum at less than that fixed by law. The reason for this distinction is obvious.

For the reasons above stated, the minimum penalty of three years, fixed by the sentence and judgment of the district court, is reduced to one year, and in all other respects the judgment is

AFFIRMED.