JOHN WILLIAMS ET AL. V. STATE OF NEBRASKA.

FILED SEPTEMBER 19, 1900. No. 11,190.

1. Burglary: LARCENY: DEFINITION OF BURGLARY: INSTRUCTION: VERDICT: ERROR WITHOUT PREJUDICE. Where, in an action against a person for burglary with intent to steal and also the larceny of goods, the court, in instructing the jury, in defining

what constitutes the offense of burglary, omits an essential element, and the jury return a verdict of not guilty as to the charge of burglary, *held*, that such omission is error without prejudice.

2. **Instruction:** DEFINITION OF LARCENY: VALUE: GRAND: PETIT. Where the statute defining grand and petit larceny is incorporated in an instruction to the jury defining the essential elements of the crime, such instruction is not open to the objection that it does not state that the property stolen must be of some value.

3. **Possession of Stolen Property:** PRESUMPTION: INFERENCE: EVIDENCE. Under the doctrine announced and held in this state, no presumption of guilt arises from the mere possession of stolen property; the inference to be drawn from such fact is alone for the jury when weighed in connection with all the evidence adduced on the trial.

4. **Presumption of Innocence:** REASONABLE DOUBT. The presumption of innocence attends the accused through every step of the trial, until the jury finds his guilt established under the evidence beyond a reasonable doubt.

5. **Burden of Proof.** The burden of proof in a criminal action does not shift to the accused.

6. **Possession of Stolen Goods:** JURY: INSTRUCTION. The force and effect to be given the fact of possession of stolen property recently after the theft, and the sufficiency or insufficiency of such evidence, are solely for the jury, and it is improper for the court to instruct the jury as to the effect to be given, or the sufficiency of, the evidence, in whole or in part.

7. **Instructions.** Instruction set forth in the opinion *held* to have been erroneously given.

ERROR to the district court for Hitchcock county. Tried below before NORRIS, J. *Reversed.*

*A. C. Yocum, J. W. James* and *W. F. Button*, for plaintiffs in error.

*Constantine J. Smyth, Attorney General*, and *Willis D. Oldham, Deputy*, for the state.

HOLCOMB, J.

Defendants were informed against for burglary by breaking into and entering a store building, and the larceny of certain goods contained in said store building.

On the trial, by the verdict of a jury, they were acquitted of the charge of burglary and found guilty of larceny of property of the value of $146, as charged in the information. Objections are made to certain instructions given by the court on its own motion. It is claimed, in the first place, that the court omitted to instruct the jury that, where burglary is committed with intent to steal, the property must be of some value; and, likewise, in the instruction as to larceny, the jury were not told that the property must be of some value.

As to the instruction excepted to relating to burglary, accepting counsel's position to be correct, we think, in view of the jury's verdict upon the charge of burglary, that it was, if erroneous, without prejudice. No bill of exceptions was preserved, and an instruction of the nature given was doubtless required under the evidence; the omission, however, to state therein one essential element of the offense, viz., that, where the unlawful breaking and entering was with intent to steal, the property must be of some value, is, in this case, harmless error.

As to the instruction with reference to the alleged larceny, the court, in its instruction, in defining what constituted grand and petit larceny, quoted the section of the statute on the subject, and we think, in effect, thereby told the jury, not only that the property-stolen must be of some value, but that, in order to constitute the offense of grand larceny, the goods must be of the value of over $35. This instruction, in our view, meets the requirement of law as to the essential elements to be proven before a verdict of guilty could be rendered. Neither of the objections noted are well taken.

It is contended that the instruction relative to the possession of property stolen by the persons charged with the theft is erroneous. The instruction is as follows: "You are instructed that the possession of recently stolen property is usually regarded in law as a criminating circumstance strongly tending to show that the possessor of stolen property is guilty, unless the facts and circum-

stances surrounding or connected with such possession or other evidence explains or shows that such possession might have been acquired honestly. *Possession of stolen property immediately after the theft is sufficient to warrant conviction of larceny, unless the attending circumstances or other evidence so far overcomes the presumption thus raised as to create a reasonable doubt of the person's guilt, when an acquittal should follow.*" The objections in this regard seem to be sound. We are of the opinion that the part we have italicized is especially objectionable. By it the jury are, in effect, instructed that the possession of stolen property immediately after the theft is sufficient to warrant a conviction, unless the presumption of guilt thus arising is overcome by the attending circumstances or other evidence, in so far as to create a reasonable doubt of the person's guilt, when an acquittal should follow. Under the doctrine as announced and adhered to in this state, "no presumption of guilt arises from the mere fact of possession of stolen property, but that the inference to be drawn from such fact is alone for the jury, when weighed in connection with all the evidence adduced on the trial." *Metz v. State,* 46 Nebr., 547; *Dobson v. State,* 46 Nebr., 250; *Robb v. State,* 35 Nebr., 285. In *Ingalls v. State,* 48 Wis., 647, 656, it is said in the opinion, by Mr. Justice Taylor: "The rule to be derived from these cases, and which is sustained by the later elementary writers upon evidence in criminal cases, is, that the possession of the stolen goods by the accused recently after the larceny does not raise any legal presumption of the guilt of the party so found in possession. The fact of the possession of the stolen property by the accused is evidence tending to prove his guilt, but is in no sense conclusive as to his guilt; nor does his guilt follow as a presumption of law unless such possession be explained by the accused." The presumption of innocence attends the accused through every step of the trial, until the jury finds his guilt established under the evidence beyond a reasonable doubt. The tendency of the instruction is to shift the burden and

**38**

require the accused to overcome the presumption stated in the instruction by attending circumstances or other evidence sufficient to raise in the minds of the jury a reasonable doubt of his guilt. The burden of proof in a criminal action does not shift to the accused. *Davis v. State*, 54 Nebr., 177. In *Robb v. State, supra*, it is said: "In a criminal prosecution for larceny, the rule is that the possession of stolen property recently after a larceny thereof, when unexplained, may be sufficient to warrant the jury in drawing an inference of guilt of the party in whose possession it is found. The effect to be given to the fact of possession is solely for the jury to determine when considered in connection with all the other facts and circumstances proven on the trial." In the instruction complained of, the jury are instructed that such possession, if unexplained, is sufficient to warrant a verdict of guilty. The instruction, we think, in this regard, invades the province of the jury by telling them what is sufficient, and the effect to be given such evidence. This contravenes a well established rule of law. The force and effect to be given the fact of possession of stolen property recently after the theft, and the sufficiency or insufficiency of such evidence, were solely for the jury; and it is improper for the court to instruct the jury as to the effect to be given to, or the sufficiency of, the evidence, in whole or in part. 11 Ency. Pl. & Pr., p. 102; *Metz v. State, supra; Dobson v. State, supra; Robb v. State, supra; Olive v. State*, 11 Nebr., 1.

For the reasons given, the judgment of the trial court is reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.