.WILLIAM HENNIG v. STATE OF NEBRASKA.

FILED MARCH 1, 1918. No. 19892.

1. False Pretenses: VERDICT: VALUE OF PROPERTY. In a prosecution for obtaining property under false pretenses, it is mandatory that the jury on conviction shall declare in their verdict the value of the property falsely obtained, as provided in section 9129, Rev. St. 1913.

2. ———: ———: ———. Where on conviction in such case the jury has failed to declare in the verdict the value of the property unlawfully obtained, the court is without jurisdiction to pronounce sentence, and a judgment based thereon is erroneous. .

3. ———: ———: SENTENCE: VALUE OF PROPERTY. Upon conviction in such case, the court should look to the verdict for the value of the property to determine the sentence to be imposed.

ERROR to the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. Reversed.

Fawcett & Mockett, Allen W. Field and R. H. Hagelin, for plaintiff in error.

Willis E. Reed, Attorney General, and Charles S. Roe, contra.

J. C. McReynolds, amicus curiæ.

DEAN, J.

William Hennig .was convicted under an information charging him with obtaining property from Dr. A. D. Mahaffey, in a trade, "by means of false and fraudulent pretenses." He was sentenced to serve a term in the

penitentiary of "not less than one year nor more than five years," and that he pay the costs of the prosecution. He brings the case here on error.

It is charged by the state that defendant induced Dr. Mahaffey to pay to "The Orchard Homes Company," of which defendant was president and agent, $260, and to convey to it "certain real estate located in  *  *  * Hildreth,  *  *  *  of the value of $3,500," in exchange for a $4,000 interest-bearing note that defendant represented was secured by a first mortgage on 160 acres of irrigable land in Albany county, Wyoming, worth $9,600. It was also charged that at the time the Wyoming land was incumbered by a prior mortgage, but that defendant fraudulently concealed that fact from the assignee, whom it was alleged believed, relied and acted upon the foregoing false representations of defendant. Owing to the state of the record as to the value of the respective properties involved, and because the case is decided on another point, we do not discuss that feature.

Defendant argues that his conviction was unlawful, in that the jury failed to declare in the verdict the value of the property that he was convicted of having obtained unlawfully. Following is the verdict: "We, the jury, duly impaneled and sworn in the above entitled cause, do find the defendant William Hennig guilty as he stands charged in the information."

For reversal defendant relies principally on section 9129, Rev. St. 1913, and on our former interpretation of that statute. It reads: "When the indictment charges an offense against the property of another by larceny, embezzlement or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained."

The statute is plain. Its provisions are mandatory and cannot well be misconstrued. The jury in the present case did not "declare in their verdict the value of the property  *  *  *  falsely obtained," and that

was one of the questions for it to determine that was put in issue by defendant's plea of "not guilty." The question is not new in this state, and in view of the language of the statute and of our former decisions on this point it follows the conviction cannot stand and the judgment must be reversed. *McCormick v. State*, 42 Neb. 866; *Holmes v. State*, 58 Neb. 297.

Clearly the legislature intended that the jury should by its verdict in this class of cases determine the grade of the offense. If the value of the property fraudulently obtained, as declared by the jury, is $35 or upwards, the offense is a felony, but if less than $35 it is a misdemeanor. Rev. St. 1913, sec. 8874. Where on conviction in such case the verdict does not declare the value of the property, the court is without jurisdiction to pronounce sentence. It is fundamental that to sustain a conviction for a felony the burden is on the state to establish all of the material elements of the offense. This was not done in the present case, where a material element is with respect to the value of the property alleged to have been fraudulently obtained.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED.

SEDGWICK and HAMER, JJ., not sitting.