Brown v. State.

---

ROBERT L. BROWN v. STATE OF NEBRASKA.

FILED MARCH 27, 1919. No. 20854.

1. **Larceny:** DESCRIPTION OF PROPERTY. "The use of the generic term 'hog' is a sufficient description under the statute providing punishment for stealing a 'sow, barrow, boar or pig.'" *Clark v. State,* 102 Neb. 728.

2. **Criminal Law:** INDORSEMENT OF NAME ON INFORMATION. The true name of a witness for the state was Hughes William Hughes. He frequently signed his name as H. W. Hughes, and signed the complaint as William Hughes. The county attorney indorsed the name on the information as William Hughes. *Held,* in the absence

of a showing of prejudice, it was not error to permit him to testify as a witness in chief for the state.

3. **Larceny:** INFORMATION: ALLEGATION OF OWNERSHIP. When property belonging to several partners or owners is stolen, the information for such offense is sufficient if it alleges the property belongs to any one or more of such partners or owners.

4. ———: INSTRUCTION: POSSESSION BY ACCUSED. Where recently stolen property is found on the premises owned and occupied by defendant, and it is not shown that any one other than defendant has had access thereto, an instruction allowing the jury to assume possession in defendant is not erroneous.

5. **Criminal Law:** SENTENCE. The district court cannot fix the minimum of a criminal sentence at a greater period than that fixed by statute.

ERROR to the district court for Pierce county: WILLIAM V. ALLEN, JUDGE. *Affirmed as modified.*

*C. B. Willey,* for plaintiff in error.

*Willis E. Reed, Attorney General,* and *Orville L. Jones, contra.*

MORRISSEY, C. J.

Robert L. Brown was convicted of larceny under section 8640, Rev. St. 1913, and brings error.

The complaint charged the stealing of a "hog." The statute under which the prosecution was brought uses the terms "sow, barrow, boar or pig." After the preliminary hearing was had, the state filed an amended information, substituting the word "pig" for "hog," to conform to the language of the statute. To this amended information defendant filed a plea in abatement, alleging a variance between the crime thus charged and that contained in the original information, and averring the want of a preliminary examination under the new charge. The trial court overruled defendant's plea, and this ruling constitutes the first error assigned.

The amended information did not charge a crime different from that contained in the original complaint, and hence did not entitle defendant to a new

preliminary hearing. In the case of *Clark v. State,* 102 Neb. 728, we held that the use of the generic term "hog" was sufficient to charge an offense under section 8640, Rev. St. 1913, even though the statute uses the words "sow, barrow, boar or pig." The substitution of the word "pig" for "hog" in this case did not, therefore, change the nature of the offense charged, nor prejudice defendant's rights, and no reversible error can be predicated thereon.

The next two assignments of error are somewhat interwoven. The pig was owned jointly by Hughes William Hughes and J. W. Stageman. Hughes was known generally in the neighborhood by the first name of William and also as H. W. Hughes. He signed the complaint as William Hughes, and the county attorney indorsed that name as a witness on the information. On the trial it developed that his full name was Hughes William Hughes, and objection was made to his testimony because the name was not so indorsed on the information. The purpose of the statute requiring the indorsement of the name of a witness on the information is to enable defendant to know the names of the persons who are to testify against him, so that he may properly prepare his defense. It is not shown that defendant was taken by surprise, or that he was in any way deceived as to the real party whose name was indorsed, and the court was not guilty of error in permitting this witness to testify.

But a second point is sought to be made because of this variance in the name in the matter of proving ownership of the property alleged to have been stolen. It is admitted that the name of Stageman, one of the owners, is properly given. This is sufficient without the name of Hughes appearing. Rev. St. 1913, sec. 9056.

Complaint is made by defendant of the following instruction given by the trial court: "The possession of recently stolen property by a defendant charged with larceny thereof immediately or shortly after the

Brown v. State.

theft, if there was a theft in this case, is a circumstance which you may properly consider in connection with other testimony and facts in determining the question of defendant's guilt." It is said that this instruction assumed possession of the property in defendant, whereas the question was one of fact for the jury to determine. The evidence shows that the carcass of a dressed hog was found at defendant's home on the morning following the alleged offense. One of the state's witnesses testified to having assisted defendant in taking, dressing and placing the hog in the defendant's coal house. Defendant denied any part in, or knowledge of, the transaction. He claims first to have discovered the hog on his premises the next morning. He did not, however, inform any one of this discovery until after his arrest; nor is it shown that any other person had the use of, or access to, the coal house. Under the circumstances the court was warranted in assuming that there was no question of possession to submit to the jury.

The only remaining question is that of the sentence imposed upon defendant. The court fixed the minimum time of his imprisonment at two years. Under section 8640, Rev. St. 1913, the minimum sentence for the offense is one year. "It is not within the power of the district court to fix the minimum of the sentence at a greater period than that fixed by law." *Griffith v. State,* 94 Neb. 55, 61.

The minimum penalty of two years fixed by the district court is reduced to one year to conform to the statute. In all other respects the record is free from error, and as modified the judgment is affirmed.

AFFIRMED AS MODIFIED.

SEDGWICK and CORNISH, JJ., not sitting.