Denker v. State.

FRED H. DENKER v. STATE OF NEBRASKA.

FILED OCTOBER 14, 1921. No. 21899.

1. **Criminal Law:** ACCUSED AS WITNESS: CROSS-EXAMINATION. "If the defendant testifies in his own behalf, the county attorney may, on cross-examination, ask him whether he has been convicted of a felony, and, if the witness equivocates in his answer, the prosecutor may ask such additional questions as may be reasonably necessary to bring out the fact of that conviction." *Johns v. State,* 88 Neb. 145.

2. ———: VERDICT: REVIEW. "A judgment of conviction in a criminal case will not be set aside because of conflicting evidence, where the evidence of the state, if believed by the jury, is sufficient to sustain the verdict." *Wheeler v. State,* 79 Neb. 491.

3. **Evidence** examined, and found sufficient to sustain the verdict.

ERROR to the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Richard S. Horton,* for plaintiff in error.

*Clarence A. Davis,* Attorney General, and *Mason Wheeler,* contra.

Heard before MORRISSEY, C.J., LETTON, ROSE, DEAN, ALDRICH, DAY and FLANSBURG, JJ.

ALDRICH, J.

The defendant, Fred H. Denker, was convicted of the crime of forgery in Douglas county in January, 1921, and sentenced to confinement in the penitentiary from one to twenty years. Defendant prosecutes error.

The main contentions of the plaintiff in error are: First, that the county attorney improperly examined him as to his former conviction of forgery; and, second, that the evidence was insufficient to sustain the verdict of the jury and the sentence of the court.

We note first that defendant appeared as a witness for himself. That being true, he is subjected to the same rules of cross-examination as any other witness to test or attack his credibility. The examination was irregular and may be criticized, but was brought on by equivocation of defendant. It is manifest that defendant knew what the prosecuting attorney was seeking. This question was asked: "Mr. Denker, have you ever been convicted of a felony? A. No, sir. Q. Never been convicted of a felony? A. No, sir." This was a plain equivocation. Section 7906, Rev. St. 1913, provides: "A witness may be interrogated as to his previous conviction for a felony. But no other proof of such conviction is competent except the record thereof." The county attorney by further cross-examination brought out the admission of defendant that he had pleaded guilty of a felony and was sentenced to the penitentiary. What the county attorney did in the instant case he has authority for in the case of *Johns v. State*, 88 Neb. 145. This phase of the case, with this brief discussion, may be dismissed.

The next question raised is that the evidence is insufficient to support a verdict of guilty. The evidence proves the fact that the defendant had established certain business relations with the Nebraska Clothing Company. In October, 1919, he cashed a check. After passing this valid check it is claimed he cashed the forged check in question. Counsel for plaintiff in error has much to say in criticism of Miss Waxman concerning her general conduct and the reliability of her testimony. We are of the

opinion that she was willing to tell the truth and all the facts. The forged check was presented to Miss Waxman, then the head cashier of the Nebraska Clothing Company, and she cashed it. She testified that as a rule she did not see the party having a check to be cashed, but that the defendant came to her desk himself and asked if she would cash the check. It was unusual for her to see the party, as the custom was to send the check up through the carrier. Thus it appears that she was advantageously situated to be able to later identify Denker as the man who cashed the forged check. The fact that Miss Waxman in her cross-examination hesitated in recognizing the defendant does not reflect upon her testimony, for she positively identified the defendant at the trial as the man who cashed the check. There is no material difference between the testimony as she gave it on the last trial and the former trial. The jury were satisfied with her statement of fact.

Upon the question of whether the handwriting on exhibits 1 and 2, and the writing on exhibit 4, is the handwriting of defendant, we have the testimony of Mr. Wallace O. Shayne and Mr. Roy E. Karls. The record shows that Mr. Shayne was a man of much experience and had been in the employ of the government and other banks as a handwriting expert. The defendant in opposition called Mr. Roy E. Karls, who has been a bank cashier. The testimony of these two witnesses was placed in juxtaposition and the jury believed Mr. Shayne. It is not the province of this court to find fault with the verdict of the jury. "A judgment of conviction in a criminal case will not be set aside because of conflicting evidence, where the evidence of the state, if believed by the jury, is sufficient to sustain the verdict." *Wheeler v. State*, 79 Neb. 491. This proposition has long been settled in this state, and may be said to be a rule of law. That being the case, we will not disturb the verdict of

the jury rendered under these circumstances, and we think justice will be subserved by confirming this verdict.

AFFIRMED.