### JOHN L. FOWLER v. STATE OF NEBRASKA.

FILED DECEMBER 30, 1922.    No. 22813.

1. **False Pretenses:** VERDICT: VALUE OF PROPERTY. "In a prosecution for obtaining property under false pretenses, it is manda-

tory that the jury on conviction shall declare in their verdict the value of the property falsely obtained, as provided in section 9129, Rev. St. 1913." *Hennig v. State*, 102 Neb. 271.

2. ——: ——: ——. "Where on conviction in such case the jury has failed to declare in the verdict the value of the property unlawfully obtained, the court is without jurisdiction to pronounce sentence, and a judgment based thereon is erroneous." *Hennig v. State*, 102 Neb. 271.

3. ——: ——: ——: SENTENCE. "Upon conviction in such case, the court should look to the verdict for the value of the property to determine the sentence to be imposed." *Hennig v. State*, 102 Neb. 271.

ERROR to the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Reversed.*

*Bartos & Bartos,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY and FLANSBURG, JJ.

PER CURIAM.

Defendant was convicted in the district court for Lancaster county on an information which charged him with the violation of section 9892, Comp. St. 1922, in that by false and fraudulent pretenses he procured the signature of one Alexander F. Francke to three promissory notes each in the sum of $1,000. The verdict returned is in the following form: "We, the jury, duly impaneled and sworn in the above entitled cause, do find the defendant guilty as charged in the information." The verdict is silent as to the value of the notes.

The statute provides that, if the value of the property or promissory note fraudulently obtained is of the amount of $35 or upwards, the penalty shall be imprisonment in the penitentiary not more than five years nor less than one year; but, if the value be less than $35, the penalty is fixed at a fine not exceeding $100 or imprisonment in the county jail not exceeding 30 days, and lia-

bility to the party injured in the amount of the damage sustained. The sentence imposed by the trial court directed the imprisonment and confinement of defendant in the penitentiary for a period of not less than one year nor more than five years. Section 10154, Comp. St. 1922, reads: "When the indictment charges an offense against the property of another by larceny, embezzlement or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained." The question here presented was before this court in *Hennig v. State*, 102 Neb. 271, and it was there held that the provisions of the statute last quoted were mandatory, and that where, as in the instant case, the jury fail to declare in their verdict the value of the property involved the court was without jurisdiction to pronounce judgment and that a judgment based upon such verdict was void; that the court should look to the verdict for the value of the property to determine the sentence to be imposed. We adhere to the rule therein announced.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED.