JOHN SEATON V. STATE OF NEBRASKA.

FILED MARCH 12, 1923. No. 23106.

1. **Evidence** examined, and *held* sufficient to sustain the verdict.

2. **Instruction** No. 7 *held* to be free from prejudicial error.

3. **Criminal Law:** JURORS: PRESUMPTION. "In the absence of a showing to the contrary, one who has served as 'a' juror is presumed to have been in all respects qualified at the time of serving." *Hart v. State,* 14 Neb. 572.

4. **Burglary:** SENTENCE. It was error for the district court to sentence defendant under section 10248, Comp. St. 1922, the provisions of section 9152, Rev. St. 1913, being in full force and effect and applicable at the time the crime was committed.

5. **Parole:** SUBSTANTIVE RIGHT. The right of parole is a substantial right of which a convicted person cannot be deprived by the court.

ERROR to the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Affirmed: Sentence reduced.*

*D. W. Livingston,* for plaintiff in error.

*Ora S. Spillman,* Attorney General, and *C. L. Dort,* contra.

Heard before MORRISSEY, C. J., ALDRICH, DAY and GODD, JJ., RAPER and TROUP, District Judges.

ALDRICH, J.

The defendant, John Seaton, was convicted of burglary

in Otoe county, and sentenced to confinement in the penitentiary for an inderterminate sentence of not less than five years nor more than ten years at hard labor. Motion for new trial was overruled, and defendant prosecuted error.

On June 7, 1920, the defendant was arraigned in the district court for Otoe county and entered a plea of not guilty. The case was tried and conviction had. On error to this court the cause was reversed and remanded. The report of the former appeal appears in 106 Neb. 833, 19 A. L. R. 1056.

The first issue to be considered is whether the evidence is sufficient to sustain the conviction. A careful examination of the record discloses all the essential elements of the crime charged in the information, and fully proves defendant's participation as an armed guard stationed near an automobile parked by the law-breakers within a half block of the house which was broken into. The details of his arrest, as testified to by the police officers, and all the attendant circumstances demonstrate defendant's guilt beyond a reasonable doubt. Defendant, being armed with a loaded 45 automatic Colt revolver and acting as a guard, or look-out, was a principal offender and was equally guilty with the others who were actually engaged in the commission of the unlawful act.

The only instruction complained of is No. 7, given by the court on its own motion. Defendant's contention that the instruction is not sustained by the evidence is not well taken. The question as to defendant's knowledge of the unlawful intent of the co-defendants was an issue of fact for the jury. We find the instruction sustained by ample evidence. Mrs. Chapin, a near-by neighbor, who called the police officers, testified that these men were apparently together. Defendant was left with another man in charge of the cars. When the officers came, defendant held them up with a gun. His presence a half block from the scene of the burglary

and the burglary are admitted. As a matter of fact, the evidence, together with the inferences legitimately drawn therefrom, justify the instruction and the verdict.

Defendant contends that the case was not tried by a lawful jury; that one of the jurors was but 22 years of age and therefore incompetent to serve, which fact was unknown by defendant and his counsel until after the verdict had been returned. He cites section 9071, Comp. St. 1922. This matter was urged and submitted on the motion for new trial in the court below. Two affidavits in support thereof are in the bill of exceptions, one affidavit by defendant's counsel, the other by defendant himself. Both are founded upon hearsay evidence and for that reason are incompetent and insufficient to support a reversal of the lower court's finding that there was a lawful jury. No abuse of discretion is shown in the record.

"In the absence of a showing to the contrary, one who has served as a juror is presumed to have been in all respects qualified at the time of serving." *Hart v. State*, 14 Neb. 572. See, also, *Bemis v. City of Omaha*, 81 Neb. 352.

As a matter of fact none of defendant's constitutional guaranties were violated or abridged. As provided by section 11, art. I of the Constitution, defendant had "a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

The alleged incompetency was not disclosed by the *voir dire* examination, at which time the question should have been tried out. The objection was waived by failure to examine and challenge.

"The general rule as to waiver of lack of qualification of a juror appears to be that qualifications, the lack of which does not affect the ability of the juror to render a fair and impartial verdict, are waived by failure to object to such juror till after verdict. And so it is that failure to challenge a juror for cause as to his

competency, and to examine him or other witnesses in support of the challenge, is a waiver, even though the fact of incompetency is not known to the party until after verdict. It is clear that the refusal of the trial court to vacate a decree because of the incompetency of a juror, first discovered after verdict and judgment, is not an abuse of its discretion in the premises, where the verdict rendered was the only one which could be rendered consistently with the facts." 16 R. C. L. 284, sec. 100.

The general rule applies to both civil and criminal cases. 16 R. C. L. 286, sec. 102; 287, sec. 103.

Defendant was tried by an impartial jury, none of his constitutional guaranties were denied him and substantial justice has been done.

The lower court erred in one respect. The crime was committed in May, 1920, at which time the old indeterminate sentence law (Rev. St. 1923, sec. 9152) was in force. Under that law the court was to impose sentence between the maximum and minimum provided by law, without fixing the limit or duration of the sentence. Defendant was tried for violation of section 9623, Comp. St. 1922, which provided as penalty imprisonment from one to ten years. The court imposed its sentence of from five to ten years under the provisions of section 10248, Comp. St. 1922, the indeterminate sentence law in force at the time of the trial, allowing the court to "fix the terms of any indeterminate sentence which it desires provided the minimum term fixed by the court shall not be less than the minimum term provided by law for the crime for which the person was convicted, nor the maximum term be greater than the maximum term provided by law for the crime for which the person was convicted." Section 9152, Rev. St. 1913, was repealed by the legislature in 1921. This sentence was in violation of a substantial right to parole, of which the convicted cannot be deprived by the court. *Griffith v. State*, 94 Neb. 55, 61.

Defendant, after having served the minimum term fixed by law, would be eligible to parole. Section 10251, Comp. St. 1922. By increasing the minimum term from one to five years he would be deprived of four years of time within which the board of pardons might permit him to go upon parole.

For these reasons, it follows that the sentence imposed by the district court should be changed to a minimum of one year and a maximum of ten years and it is so ordered. In all other respects the judgment is affirmed.

AFFIRMED: SENTENCE REDUCED.