JAMES G. V. INGOLDSBY v. STATE OF NEBRASKA.

FILED JUNE 27, 1923. No. 23095.

1. **Criminal Law:** VERDICT: REVIEW. "A judgment of conviction in a criminal case will not be set aside because of conflicting evidence,

where the evidence of the state, if believed by the jury, is sufficient to sustain the verdict." *Denker v. State,* 106 Neb. 779.

2. **Evidence** examined, and found sufficient to sustain the verdict.

ERROR to the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Affirmed*: *Sentence reduced.*

*Stough & Dunn,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before MORRISSEY, C. J., ROSE and ALDRICH, JJ., COLBY and REDICK, District Judges.

ALDRICH, J.

Plaintiff in error, hereinafter called defendant, was charged with committing the crime of forgery on or about October 19, 1920, in Otoe county. The information in two counts charged, in substance: (1) Forging the check in question; (2) uttering and publishing. The first count having been dismissed by the county attorney, defendant was tried on the second count and was found guilty. The lower court sentenced him to confinement in the penitentiary for a term of not less than 10 nor more than 20 years, and ordered that he pay a fine of $200 and costs. Defendant prosecutes error.

A number of errors are assigned. We have considered and examined all of them, but do not find it necessary to discuss each one, since there was no reversible error occurring at the trial in receiving evidence and giving instructions.

Considering the sufficiency of the evidence, we find that all the essential elements of the crime charged have been proved. For a complete discussion of the evidence required in this class of cases, see 26 C. J. 959, *et seq.* There was a conflict in the evidence generally, but the record taken as a whole demonstrates and proves defendant's guilt beyond a reasonable doubt. One handwriting expert and several bankers were called to identify the handwriting on the check, and their testimony is strong and convincing as to defendant's guilt.

The check in question is in words and figures as follows:

"Cherokee, Iowa, Oct. 16, 1920.
"Security' National Bank            72-1821
"Pay to the order of J. G. V. Ingoldsby $400.00
"Four-hundred and no/100 dollars.
                    "Thomas P. Benson."

Defendant presented this check at the Bank of Talmage, Talmage, Nebraska, and received for it $200 in cash and $200 in a bank draft. Upon presentation of the check to the Iowa bank, it was found that no such person as Thomas P. Benson had an account or did business there. Matters were held in abeyance for a time pending defendant's promises to pay and his alleged efforts to find and prosecute the maker of the check, who, the evidence tends to show, was fictitious without a doubt.

Defendant's evidence presents a contradictory and different story from that detailed by the witnesses for the state. The evidence is in direct conflict as to the existence or nonexistence of Thomas P. Benson. In this matter the jury were free to give credence and believe whichever set of witnesses they thought were telling the truth. In all fairness to the system of trial by jury, we cannot reverse their finding unless it is clearly wrong. The verdict is amply sustained by sufficient competent evidence and will not be disturbed.

The rule found in the case of *Denker v. State*, 106 Neb. 779, governs us in this matter. It is as follows: "A judgment of conviction in a criminal case will not be set aside because of conflicting evidence, where the evidence of the state, if believed by the jury, is sufficient to sustain the verdict." See *Wheeler v. State*, 79 Neb. 491.

The lower court erred in one respect. Defendant should have been sentenced under the provisions of section 9152, Rev. St. 1913, instead of section 10248, Comp. St. 1922. In other words, the indeterminate sentence law in force at the time the crime was committed governs the court in rendering judgment. In the instant case the sentence

under the provisions of the latter section has the effect of shortening the period within which defendant would be eligible to make application for a parole. The court is without authority to do this. *Seaton v. State,* 109 Neb. 828.

It follows that the sentence should be changed to a minimum of 1 year and a maximum of 20 years, and it is so ordered.

In all other respects the case is affirmed.

AFFIRMED: SENTENCE REDUCED.