## RAY GRAGG V. STATE OF NEBRASKA.

### FILED DECEMBER 4, 1924. No. 24105.

1. **Criminal Law:** ASSISTANT PROSECUTOR. Where a county attorney, under the direction of the district court, procures an attorney to assist in the trial of a person charged with a felony, such assistant is not required to qualify and give a bond nor to take an oath as deputy county attorney.

2. ———: COUNTY ATTORNEY: DE FACTO OFFICER. Where a person is employed to act in the capacity of county attorney and thereafter performs the duties which regularly pertain to this office, and holds himself out to the public as such official but has not given the required statutory bond nor taken the required statutory oath, such person is county attorney *de facto*. *Baker v. State, ante*, p. 654.

3. ———: ———: RIGHT TO OFFICE. The right of a duly appointed incumbent to retain the office of county attorney is not triable under a plea in abatement.

4. ———: ASSISTANT PROSECUTOR: APPOINTMENT: OBJECTION. When, under section 4916, Comp. St. 1922, a county attorney, under the court's direction, procures counsel to assist in the prosecution of a person charged with a felony, it is not error for the court to overrule defendant's objection to such appointment, unless it is shown that the appointment was made under a mistake of fact or under such circumstances as would reasonably tend to preclude the accused from having a fair and impartial trial and thereby prejudicially affect his substantial rights.

5. ———: FORMER JEOPARDY. A jury retired to deliberate upon its verdict in a felony case, when it was discovered that the accused had not been arraigned. The jury were recalled and resworn. Thereupon the accused was lawfully arraigned and pleaded "not guilty." On defendant's request a continuance was granted, over the state's objection, until the next regular term of court, and, on defendant's motion, the jury were dismissed, but without prejudice to the state. When the case was regularly called for trial, at the term to which it was continued, defendant was given leave to withdraw his plea of " not guilty " and interpose a plea in bar of the prosecution on the alleged ground of former jeopardy. *Held*, that, in view of the proved facts, the court did not err in overruling the plea in bar.

6. **Larceny:** DESCRIPTION OF ANIMALS. The use of the generic

designation "cattle" is a sufficient description in a verdict under the statute providing punishment for stealing a "cow, steer, bull, heifer, or calf." Comp. St. 1922, sec. 9603.

7. ———: VERDICT: VALUE. Where a person is convicted of stealing an animal under section 9603, Comp. St. 1922, it is not incumbent upon the jury to fix the value of such animal in its verdict.

8. Criminal Law: SENTENCE. Where a person is found guilty of stealing an animal under section 9603, Comp. St. 1922, it is error for the court to fix the minimum sentence under section 10248, Comp. St. 1922, instead of section 9152, Rev. St. 1913, when it appears that the latter act was in force at the time the crime was committed.

ERROR to the district court for McPherson county: GEORGE C. GILLAN, JUDGE. *Affirmed*: *Sentence reduced.*

*John F. Cordeal, Frank M. Colfer, B. F. Butler* and *Walter D. James,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman, contra.*

Heard, before MORRISSEY, C. J., ROSE, DEAN, GOOD, and THOMPSON, JJ.

DEAN, J.

Defendant was charged in McPherson county with stealing "one spotted heifer calf, weight about 450 pounds, eight months old," and, upon conviction, was sentenced to serve a term in the penitentiary of not less than two nor more than four years. He prosecutes error.

The assignments of alleged error will be taken up in the order in which they are presented in the briefs.

Mr. R. H. Beatty, an attorney of Lincoln county, was appointed to assist in the prosecution, on the application of Mr. George N. Gibbs, county attorney for McPherson county. under section 4916, Comp. St. 1922, as amended, Laws 1923, ch. 41. The objection is that Beatty "was privately employed by private persons" and was disqualified because he was paid for his services solely by the "Nebraska Stock

Growers' Association." But neither McPherson county nor Mr. Charles Chessmore, the owner of the stolen property, paid any part of this fee, nor is the latter a member of the association.

Defendant cites *McKay v. State,* 90 Neb. 63, and *Flege v. State,* 93 Neb. 610, in support of his contention. In the *McKay* case defendant's counsel made a timely motion to exclude private counsel from participating in the prosecution on the ground (1) that the assistant was not the deputy county attorney; (2) that the county attorney had not requested the appointment; (3) that he had not taken an official oath; and (4) that he was employed and paid "by the brothers and sisters of the deceased" whom it was charged McKay had feloniously slain. Defendant's motion was overruled on the ground that an order had been entered "in the presence of the defendant and his counsel" "at the commencement of the empanelment of the jury that M. F. Harrington is permitted to assist the county attorney in the prosecution." On appeal it was held that the court erred because (1) it was not shown that the county attorney requested the appointment; and (2) the mere fact that the court permitted counsel to assist was not a compliance with the statute; and (3) that mere acquiescence by the court and county attorney is not sufficient.

In the *Flege* case an assistant prosecutor was appointed, on the county attorney's application, who had theretofore been employed and paid by a person who was suspected of having feloniously killed the decedent. And it appears that he assisted in the preliminary examination and also in a former trial of the accused in the district court and, as stated in the opinion, had taken "an active part in both trials for the purpose of protecting his suspected client." On appeal this court held that, under the circumstances attending the appointment, "a fair and impartial trial of the accused person could not be reasonably expected." The judgment of conviction was reversed.

Section 4916, Comp. St. 1922, was enacted for the express purpose of authorizing the county attorney to pro-

cure such assistant counsel as he may deem necessary for a felony trial. *Bush v. State,* 62 Neb. 128; *Blair v. State,* 72 Neb. 501; *Lower v. State,* 109 Neb. 590; 18 C. J. 1336, sec. 79. Its object is that, under the court's direction, assistant counsel may be procured who will not, in his zeal for a verdict, be tempted to prevent the accused from having a fair and impartial trial. It is obvious that the participation of counsel, as an assistant prosecutor, who has been employed by a person having ulterior motives, as against the accused, might seek to bring about the conviction of an innocent person to gratify the animosity of an unprincipled client.

It is unthinkable that the legislature, in the enactment of section 4916, held any other thought than that the state, by the county attorney, should have not only the privilege, but that, for obvious reasons, it should be his bounden duty, in a proper case, to procure the appointment of such assistance as the exigencies of a felony case might require, to the end that the state might be thereby enabled to present the material facts to the jury, unbiased and unprejudiced by improper motives. In the present case the facts are so vastly dissimilar from the facts in the *McKay* and *Flege* cases that defendant's contention finds no support in either. The evidence discloses that reversible error cannot be predicated on this assignment.

When the case was first called for trial in September, 1923, defendant filed a plea in abatement, wherein he alleged that the information was not filed within three years next after the date of the commission of the alleged offense. But in this counsel seem to be mistaken, because it appears that the alleged offense was committed October 12, 1918, and the information was filed October 7, 1921. Comp. St. 1922, sec. 9931; *Boughn v. State,* 44 Neb. 889, reaffirmed in *State v. Robertson,* 65 Neb. 41. It is not argued, however, that the information was not served upon defendant, within the time required by statute, before the trial commenced. Comp. St. 1922, sec. 10104. Besides the foregoing averments, defendant charges that Mr. Gibbs, who

verified and filed the information, was not the duly qualified, elected or appointed county attorney of McPherson county, and that "his pretended acts as such assumed official were and are without authority of law and of no force or effect." But the record shows that his appointment was regular. He did not, however, take the official oath nor file a bond. But he held himself out as county attorney and performed the duties pertaining to this office and was recognized by the public as county attorney, so that he was county attorney *de facto.* *Baker v. State, ante,* p. 654.

However, the title to a public office cannot be collaterally attacked, nor can it be determined under a plea in abatement, but ordinarily by *quo warranto.* 32 Cyc. 691; *State v. Gonzales,* 26 Tex. 197. In view of the evidence the court did not err in overruling defendant's plea in abatement in its entirety.

On the same day that defendant's plea in abatement was overruled, at the September, 1923, term of court, the following proceedings were had, as shown by the record, namely: September 27, 1923, a jury was selected and sworn and the state introduced its evidence and rested. Defendant introduced no evidence and rested. The argument proceeded and the jury, having been instructed, retired in charge of the sheriff. The court's attention was then called to the fact that defendant had not been arraigned, and had not pleaded to the information. Whereupon the jury were recalled and, on motion of the state, defendant was arraigned, the information was read to him and, upon being called upon to plead, he pleaded not guilty. The jury were then resworn to try the case and the state announced its readiness for trial. But defendant, in open court, then announced "that he is not ready for trial, and requests the court to discharge the jury in said action, and continue said action for trial to the next term;" that the court thereupon granted a continuance as requested, over the state's objection, and the jury were discharged "without prejudice to the state." Defendant then entered into a recognizance with sufficient surety for his appearance at the

Gragg v. State.

March, 1924, term of court,. when the cause came on regularly for trial.

At the next succeeding term of court, namely, the March, 1924, term, to which on defendant's motion the case was continued, to wit, on March 27, 1924, when the jury were impaneled, defendant obtained leave to withdraw his plea of not guilty and interpose a plea in bar, wherein he alleged, "that the state ought not to further prosecute said information against him" on the ground of former jeopardy. On consideration of the record, and the evidence, the court overruled the plea in bar.

The record clearly discloses that defendant's plea of former jeopardy is utterly groundless. In a criminal case the issues are not joined until defendant has been arraigned and has pleaded to the information. And, until these statutory requirements have been fulfilled, there is nothing to be tried out. The accused has not yet been informed of the nature of the charge against him. There can be no jeopardy in the absence of a plea. Comp. St. 1922, sec. 10117; *Browning v. State,* 54 Neb. 203; *Popel v. State,* 105 Neb. 348; 16 C. J. 243, 244, secs. 381, 382. If when defendant was arraigned he had stood mute and had not requested a discharge of the jury and had not requested a continuance of the action until "the next term," another question might have been presented. But he did not stand mute, which was his right, but pleaded to the information, and over the state's objection and at his own request the jury were discharged, and also at his request the action was continued. The plea of former jeopardy was properly overruled.

The jury found defendant "guilty of stealing cattle in manner and form as he stands charged in the information." Defendant says this is not a sufficient description in a verdict under the statute providing punishment for stealing a cow, steer, bull, heifer, or calf. Comp. St. 1922, sec. 9603; *Clark v. State,* 102 Neb. 728; 25 Cyc. 83.

The jury did not find the value of the property alleged to have been stolen. It is argued this is error. The statute under which defendant was prosecuted does not require

such finding. The act, among other things, merely provides: "Whoever steals any cow, steer, bull, heifer, or calf, of any value, * * * shall be imprisoned in the penitentiary not more than ten years nor less than one year." Comp. St. 1922, sec. 9603. See *Griffith v. State*, 94 Neb. 55.

Defendant cites *Hennig v. State*, 102 Neb. 271, and *Fowler v. State*, 109 Neb. 400, but neither case is in point because both prosecutions ·were brought under section 9129, Rev. St. 1913, now section 10154, Comp. St. 1922, and in such actions the jury are required, on conviction, to. fix the value of the stolen property. This the jury failed to do and both cases were. reversed for this reason. This assignment is without merit.

In a. supplemental brief filed by defendant he argues that the court erred in imposing a minimum sentence of two years, under section 10248, Comp. St. ·1922, instead of one .year, under section 9152, Rev. St.˙ 1913, that being the provision of the indeterminate sentence law which was in effect when the crime was committed. In this the court erred. The minimum sentence of one year should have been affixed. *Ingoldsby v. State*, 110 Neb. 495.

The judgment of the district court is therefore affirmed in all respects, except as to the imposition of a minimum sentence of two years, and in this respect only it is modified and the minimum sentence is fixed at one year.

AFFIRMED: SENTENCE REDUCED.

Note—Criminal Law, 16 C. J. secs. 381, 3206; District and Prosecuting Attorneys, 18 C. J. secs. 79, 17 (1926 Ann.), 86; Larceny, 36 C. J. secs. 578, 572.