C. D. RIDENOUR V. STATE OF NEBRASKA.

FILED MAY 1, 1930. No. 27259.

*Harry H. Ellis* and *Hoagland & Carr,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY, and DAY, JJ., and FITZGERALD, District Judge.

FITZGERALD, District Judge.

C. D. Ridenour was informed against in the district court for Phelps county on a charge of chicken stealing, and on trial to a jury was convicted and sentenced to serve six months in the penitentiary. The record is before us for review on defendant's claim of error in the rulings of the trial judge.

It appears from the bill of exceptions that the defendant is a married man with three sons under six years of age. He lives upon and operates a farm, owned by his father-in-law, P. G. Henderson. Mr. Henderson is also the owner of land occupied and farmed by Martin Francis and Charles Reed, the complaining witnesses in this case. Henderson lives with defendant and his family. Defendant's house is three and one-half miles north of Holdrege and the Francis and Reed house is four miles north and one mile west of Holdrege.

On May 4, 1929, defendant was working in the field, disking for corn, which job he finished about 6 o'clock, after which he went to the house and burned some straw on his potato patch. He ate his supper and went to Holdrege with some cream which he sold to the Lincoln Pure Butter Creamery. The manager of this creamery testifies that it was about 8:30 or 9 o'clock when defendant delivered the cream, and that defendant, on request of said witness, then went to the depot to get some cream for the witness that had come in on the "High Line." Defendant was then given a check for the cream which he had brought from his home, and defendant's testimony is that he then went out and purchased some groceries and started home.

He testifies that on his way home he came upon one R. W. Johnson, who stated that his car had broken down and he had some chickens in sacks that were getting warm and requested defendant to take the chickens to the David Cole Creamery at Holdrege. After some discussion defendant testifies that he consented to comply, and, while he was unloading the chickens at the Cole Creamery, Francis and Reed came upon the scene, and there is some dispute in the testimony as to whether anything was said at this time that would warn defendant that Francis and Reed claimed the chickens and that they were stolen from their farm.

There is probably sufficient evidence in the record, including discrepancies, which the jury might find in defendant's explanation of his possession of the chickens, to sustain a verdict, and we would be required to sustain the trial court's action in the case if there were no errors of law occurring in the trial and instructions of the court to the jury.

The rulings of the trial court on the admissibility of evidence are on the whole remarkably free from error, but as shown by the bill of exceptions the county attorney asked: "Were these the first chickens that you had sold since you lived here at your father-in-law's?" And the court, having a perfect right to assume that the prosecutor would follow up by showing previous acts of defendant tending to show intent, overruled objection and allowed witness to answer. However, the county attorney evidently had no such testimony but he continued this line of questioning with the manifest purpose of prejudicing defendant in the minds of the jury. Question No. 248, though not objected to, is of the same character. A series of questions, not objected to, as to the ownership of defendant's car being in his wife, has the suggestion of disparaging the defendant. Question No. 421, another effort along the same line, was ruled out by the court. Question No. 1018 is of the same character and received the same treatment by the court, but had, like the others, a tendency to prejudice defendant by the mere propounding of the question.

Instructions Nos. 1 and 2, tendered by defendant, we feel should have been given by the court to the jury, and likewise find that, in setting out as the statute applicable to the case that part of the statute including the provision in regard to receiving stolen chickens, was prejudicial to the defendant, inasmuch as he is conceded to be in possession of the chickens that were undeniably stolen. This court has laid down the rule that mere possession of stolen property gives rise to no presumption of guilt, and that the inference to be drawn therefrom is for the jury when considered with all the other evidence in the case. *Williams v. State,* 60 Neb. 526. The jury should have been warned that possession of the chickens was not sufficient in itself to convict. Instruction No. 1 submitted by defendant, and refused by the court, contained such warning; and instruction No. 5 given by the court is silent on this point, and is the only instruction given on this subject.

Instruction No. 2 tendered by defendant should also have been given, or some instruction in its stead. *Wakeley v. State,* 118 Neb. 346. There is no instruction in the record on the subject of circumstantial evidence, and we have here a case peculiarly confined to circumstantial evidence. The only evidence offered is the possession of the stolen chickens and statements by defendant in his explanation of such possession, which might cause the jury to disbelieve his whole explanation, and yet a careful study of all the evidence shows that all of defendant's statements could be true, and, if true, he is not guilty as charged. He is entitled to all the safeguards of the law in having his case submitted to a jury, and we feel that he has been deprived of this protection by the refusal of the two instructions offered by him.

Counsel for the state urge that this is not a case entirely resting on circumstantial evidence, for the reason that defendant might be charged with theft and convicted as charged, upon evidence proving that he was an accessory. This is true if the evidence proved complicity of defendant before the fact, but here the evidence proves either theft

by defendant or nothing, so far as the charge in the information defines a crime. Receiving stolen chickens or accessory after the fact are not charged in the information, and there can be no conviction under the information on evidence proving either of these offences.

We are of the opinion that the order of the trial court should be and it is hereby reversed and the cause is remanded to the district court for further proceedings.

REVERSED.