LAWRENCE GREENOUGH V. STATE OF NEBRASKA.
284 N. W. 740

FILED MARCH 17, 1939.   No. 30485.

*Sterling F. Mutz* and *Robert S. Stauffer*, for plaintiff in error.

*Walter R. Johnson, Attorney General*, and *Donald E. Kelley, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

Plaintiff in error, who will hereafter be referred to as the defendant, was convicted of the crime of larceny of property valued by the jury at $55, and a sentence of five years in the state penitentiary was imposed.

The record discloses that a gasoline station in Ainsworth, Nebraska, belonging to Nicholas A. Sawyer was broken into on the night of February 11, 1938, and robbed of five new automobile tires. It further appears that the defendant and a companion appeared in Valentine, Nebraska, early in the morning of February 12, 1938, and sold·the tires to a tire dealer for $2.50 each when their market value was more than twice that amount. The defendant was seen by several people in Valentine that morning and all identified the defendant subsequent to his arrest. The tires were identified beyond question as the ones taken from the gasoline station, and the automobile being used by the defendant on the night of the robbery was subsequently found in the possession of one Everhart in Ainsworth. The defendant offered no evidence. Upon this state of facts the jury returned a verdict of guilty.

Defendant complains of the fact that he did not receive a preliminary hearing. It appears that a complaint was filed in the county court of Brown county and the defendant was taken into custody under a warrant issued from that court. Without a preliminary hearing being held, an information was filed in the district court for Brown county on February 24, 1938, and on that date the defendant was arraigned and a plea of not guilty entered. This clearly was a waiver of his right to a preliminary hearing. The objection that the defendant in a criminal case has not had a preliminary examination is waived unless raised before he enters a plea of not guilty. *Dinsmore v. State*, 61 Neb. 418, 85 N. W. 445; *Meyers v. State*, 104 Neb. 356, 177 N. W. 177; *State v. Boehm*, 68 N. Dak. 340, 279 N. W. 824, 116 A. L. R. 547.

Defendant contends that the evidence is insufficient to sustain a conviction where it does not show that defendant was in the county at the time of the commission of the crime. The evidence must show, of course, that the defendant committed the crime at the time and place charged, but the law does not require an eyewitness. Under the doctrine announced in this state no presumption of guilt

arises from the mere possession of stolen property. The force and effect to be given the fact of possession of stolen property recently after the theft, and the sufficiency or insufficiency of such evidence, are solely for the jury when weighed in connection with all other evidence adduced at the trial. *Williams v. State,* 60 Neb. 526, 83 N. W. 681; *Ridenour v. State,* 119 Neb. 688, 230 N. W. 587.

The defendant in this case was in possession of the stolen property very shortly after the robbery and his possession is unexplained. He sold the property late at night for much less than it was worth. The facts and circumstances surrounding the commission of the crime and the subsequent sale of the property by the defendant are in no way inconsistent with his guilt. The jury were clearly justified in concluding that the defendant was guilty after considering the evidence produced.

Defendant complains that it was not established that the crime charged was committed in Brown county. It is true that defendant was seen with the property in his possession only in Cherry county. Venue may be proved, however, by circumstantial evidence. *Union P. R. Co. v. State,* 88 Neb. 547, 130 N. W. 277. The evidence tending to prove that the crime charged was committed by the defendant, when it is established that the crime took place in Brown county, is also evidence which the jury can rightfully consider in determining whether the defendant committed the crime in the county where the charge was filed. The evidence as to venue was sufficient to sustain the finding of the jury.

Defendant complains that the trial court erred in not imposing an indeterminate sentence instead of the flat sentence of five years. The indeterminate sentence law, in so far as it applies to this case, is as follows: "Every person over the age of eighteen years convicted of a felony * * * shall if judgment be not suspended or a new trial granted be sentenced to the penitentiary, but the court imposing such sentence may *in its discretion* and providing such person has not previously been confined in any penitentiary

impose upon such person an indeterminate sentence." Comp. St. 1929, sec. 29-2620. (Italics ours.) It appears that the imposing of an indeterminate sentence under this act is discretionary with the trial judge. There is no evidence in the record which shows that the defendant has or has not been previously confined in any penitentiary. There is nothing in the record from which this court could say that the trial court abused the discretion which the statute confers upon it. There being no error affirmatively appearing, the presumption necessarily is that the trial court acted properly in imposing the sentence.

Defendant relies upon *Griffith v. State,* 94 Neb. 55, 142 N. W. 790; *Brown v. State,* 103 Neb. 271, 171 N. W. 906; *Seaton v. State,* 109 Neb. 828, 192 N. W. 501; *Ingoldsby v. State,* 110 Neb. 495, 194 N. W. 457; *Gragg v. State,* 112 Neb. 732, 201 N. W. 338. These cases all refer to crimes committed prior to the enactment of the present indeterminate sentence law and consequently have no application to the case at bar.

It is argued that a sentence of five years in the penitentiary is excessive. After a consideration of the nature of the offense and the circumstances as shown by the record, we conclude that there is merit in this contention. By authority of section 29-2308, Comp. St. 1929, the sentence is reduced from five to three years in the state penitentiary.

No prejudicial error appearing in the record, the judgment is affirmed as modified.

AFFIRMED: SENTENCE REDUCED.