REQUESTED BY: Allen L. Curtis, Executive Director, Nebraska Commission on Law Enforcement and Criminal Justice
You have requested an opinion from this office regarding whether city attorneys, cross-deputized to try cases in county court, are subject to the continuing legal education requirements of Neb. Rev. Stat. § 23-1216 (1997) and the Crime Commission's Rules and Regulations, Title 78, Chapter 6, regarding same. Your correspondence indicates that you do not believe that city attorneys, cross-deputized to try cases in county court, "meet the definition as a Deputy County Attorney because they are not employed by the county and because they are not trying cases to assist the County Attorney. In most cases, their purpose is to try cases they could have otherwise tried under Municipal Code because there is an advantage to both the City and County to do so." Our response to your opinion request is set forth below.
Neb. Rev. Stat. § 23-1217 (1997) provides in pertinent part that:
 Every county attorney and deputy county attorney in this state shall annually undertake and complete the required hours of continuing legal education, including instruction providing a working knowledge of electronic speed measurement principles and instruction on the investigation and prosecution of crimes against children, as prescribed by the council under § 23-1216.
Upon review of the foregoing statutory language, it would appear that our response to your opinion request turns on whether the cross-deputized city attorneys meet the statutory definition of a deputy county attorney. Neb. Reb. Stat. § 23-1212(2) (1997) defines a deputy county attorney as "an attorney employed by a county in this state for the purpose of assisting the county attorney in carrying out his or her responsibilities regardless of whether such position is full time or part time." This definition sets out four distinct requirements: (1) an attorney; (2) employed by a county in the State of Nebraska; (3) for the purpose of assisting the county attorney; and, (4) employed on a full or part time basis.
Although your correspondence does not indicate under what authority the city attorneys are cross-deputized, we assume for the purposes of this opinion that such authority is pursuant to Neb. Rev. Stat. § 23-1204.01 (1997). Thereunder, the county attorney may, under the discretion of the district court, appoint a special deputy to assist with the prosecution of a felony. Although these "special deputies" assist the county attorney in prosecuting certain cases, they are not employed by the county. Instead they are paid by court order to the county treasurer. Additionally, these "special deputies" are not required to give either a bond or an oath for the performance of their duties.Gragg v. State, 112 Neb. 732, 201 N.W. 338 (1924). Finally, these attorneys do not perform work for the county on a regular, consistent basis, but merely assist the county attorney in prosecuting certain cases. Id. It would appear that these "special deputies" do not meet the statutory definition of a deputy county attorney, and therefore are not subject to the continuing legal education requirements of Neb. Rev. Stat. § 23-1217 (1997).
Further support for the conclusion that these "special deputies" do not meet the statutory definition of a deputy county attorney is found in Neb. Rev. Stat. § 23-1206.01 (1997), which requires that all county attorneys and deputy county attorneys work exclusively for their respective counties. However, § 23-1206.01 provides that "in counties having a population of 200,000 inhabitants or more, the county attorney may appoint deputy county attorneys to serve without pay and when so appointed shall not be subject to the provisions of this section [a prohibition on working elsewhere]." Thus, in Lancaster and Douglas Counties, the county attorney can deputize attorneys who work in private practice or for any city located in the county, provided that they do not receive compensation from the county.
Once again, focusing on the specific facts of the cross-deputized city attorneys, as detailed in your opinion request, it is likely that these deputies would be considered "special deputies", and thus exempt from the continuing legal education requirements of Neb. Rev. Stat. § 23-1217 (1997). The most compelling argument in support of this conclusion is that the city attorneys are not employed by the county, but instead receive all their compensation from the city to whom they are employed. Furthermore, it could also be argued that they are not assisting the county attorney in their actions, as in most instances the prosecution could have been brought under the applicable municipal code. However, due to the distinct advantage in prosecuting certain cases on both the city and county level, the city attorneys are cross-deputized to bring the action in county court.
Finally, there are compelling policy reasons in not requiring these "special deputies" to comply with the continuing legal education requirements of Neb. Rev. Stat. § 23-1217 (1997). One could reasonably assume that if city attorneys were required to comply with the continuing legal education provisions of Neb. Rev. Stat. § 23-1217, they could conceivably stop performing these advantageous services, and merely prosecute these mutually beneficial cases pursuant only to the applicable municipal code.
Based on the foregoing, we do not believe that city attorneys, cross-deputized to try cases in county court, are subject to the continuing legal education requirements of Neb. Rev. Stat. §§ 23-1216 and 23-1217 (1997).
Sincerely,
 DON STENBERG Attorney General
 Thomas J. Olsen Assistant Attorney General
Approved:
DON STENBERG
Attorney General