BERLIN *v.* BELLE ISLE SCENIC RAILWAY CO.

1. CORPORATIONS—ACTS OF AGENTS—CONTRACTS—BREACH.
   Where, at the time plaintiff rented a cigar privilege from the agent of defendant amusement company and paid his first month's rent, the agent notified him that he had no authority to make the lease, except on approval of defendant's board of directors, but stated that if plaintiff did not hear from the matter by a certain time that day he should understand that the arrangement would stand, plaintiff was not entitled to recover for breach of contract, consisting in defendant's leasing the privilege to another, though plaintiff was not notified of any adverse action by defendant's board of directors.

2. APPEAL AND ERROR—ISSUES—REVIEW.
   Alleged error in withdrawing the question of tender from the jury will not be reviewed, where it affects only the question of interest, which was not made an issue in the case.

Error to Wayne; Frazer, J. Submitted October 17, 1905. (Docket No. 66.) Decided November 7, 1905.

Assumpsit by William Berlin against the Belle Isle Scenic Railway Company for breach of a contract to lease. There was judgment for plaintiff for less than the amount claimed, and he brings error. Affirmed.

*Adolph Sloman* (*Edmund M. Sloman*, of counsel), for appellant.

*May, Denby & O'Brien*, for appellee.

HOOKER, J. The defendants were constructing a scenic railway close to Belle Isle bridge, in Detroit. Negotiations were had between the plaintiff and one Walters, who was the employé of the defendant and manager of its business, in relation to leasing from the defendant the privilege of selling cigars, etc., during the summer upon its premises at the price of $40 a month. A sum equal to

the first month's rent was paid to Walters, who gave a receipt for it, of which the following is a copy:

"$40.          DETROIT, MICHIGAN, May 7th, 1902.
"Received of William Berlin, $40 rent in full for cigar stand; also newspapers, periodicals, tobacco, etc. Rent paid in full from May 24th to June 24th. Scenic Park, Detroit, Michigan.
                    "BELLE ISLE SCENIC RY. CO.,
                          "ROBERT WALTERS,
                              "General Manager."

Walters and the plaintiff disagree regarding the transaction, but there was testimony that Walters told the plaintiff that he would lay the matter before the board of directors, and, if they had any objection, he would inform plaintiff; and that, if he did not hear from him by 1 o'clock of the same day, he should understand that the arrangement was to stand. Plaintiff heard nothing to the contrary, and supposed that he was to have the booth, but found out later that it was rented to another. There is some testimony to the effect that Walters offered the money in advance to the plaintiff, who refused to accept it. This action was brought to recover damages for an alleged breach of the contract, and plaintiff appeals from a verdict and judgment in his favor for $40.

The most important question relates to the authority of Walters to make the contract. The court charged the jury that:

"A person who deals with an agent of a corporation, or an agent of a firm or of an individual, is expected to know the authority which is conferred upon that agent, and if that agent, whoever he may be, acts outside of his authority, it is not binding upon the principal; the principal in this case being the Belle Isle Scenic Railway Company. * * *

"If you give authority to an agent, anybody who deals with him deals with him at their peril, so that it would be unfair for you or me, or a corporation, or anybody else to have that man make a contract that he had no right to make, and expect to bind us. A person dealing with an agent deals with him to the extent of his authority. If he

goes any further, it is at his peril. This authority of the agent must be established to you by a preponderance of evidence; otherwise the plaintiff would not be entitled to recover in this suit."

We need not consider the question of the accuracy of this charge, for we are agreed that the uncontradicted testimony shows that Walters had not the authority to make the contract alleged, and that the plaintiff knew that the action of the board of directors was necessary before he could obtain a lease. The court might with propriety have taken the question from the jury.

The court instructed the jury to render a verdict in favor of the plaintiff for $40, the amount advanced for rent, and a larger sum, if they should find that Walters had authority to make the contract. They returned a verdict for $40. Proof was offered to show a tender of the $40, and the testimony showed that Walters told the plaintiff he would pay it, but plaintiff said that he would not receive it, so Walters did not produce the money, although he had it with him. It is admitted that, if the court erred in allowing the question of tender to go to the jury, it would affect the question of interest only. No allusion appears to have been made to the question of interest, either by court or counsel, and the charge does not indicate that the question of interest was made a point in the case. Therefore it is not before us for review.

The judgment is affirmed.

MCALVAY, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.