Lee v. State.

---

### Howard Lee v. State of Nebraska.

Filed January 4, 1919. No. 20535.

1. **Larceny: Verdict: Value of Property Stolen.** Under section 9129, Rev. St. 1913, Criminal Code of Nebraska, it is mandatory that a jury, on conviction, shall declare in the verdict the value of the property stolen.

2. ———: ———: ———: **Sentence.** The jury failed to find any value for the property taken; then it follows the trial court had no jurisdiction to pass sentence.

3. **Criminal Law: Indeterminate Sentence Act: Power of Trial Judge.** Under the indeterminate sentence act, a district judge is only a ministerial officer whose authority is limited simply to pronouncing a minimum and maximum sentence, as provided by statute, and a trial judge has no discretion to change the maximum sentence provided for in the statute.

4. ———: ———: **Power of Prison Board.** The prison board determines the duration of term the prisoner shall serve.

ERROR to the district court for Hitchcock county: ERNEST B. PERRY, JUDGE. *Reversed.*

*J. L. Rice* and *Lambe & Butler,* for plaintiff in error.

*Willis E. Reed, Attorney General,* and *John L. Cutright, contra.*

ALDRICH, J.

The defendant was convicted of the crime of stealing a Ford automobile of the value of $200, and was sentenced to serve a term of from one to seven years in the penitentiary. Defendant appealed.

The verdict follows: "We, the jury duly impaneled and sworn in the above entitled action, do find and say that we find the defendant guilty as charged."

The sole question presented here is: Does this verdict meet the requirements of the statute? In view of section 9129, Rev. St. 1913, it appears to us that the conviction cannot stand.

The statute is as follows: "When the indictment charges an offense against the property of another by larceny, embezzlement or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained."

This court has held that in a larceny case it is imperative that the jury comply with the terms of the foregoing statute, and declare in their verdict the value of the property stolen, embezzled, or falsely obtained. This the jury failed to do, and it follows the court had no jurisdiction to sentence defendant. In support of these views, we cite section 9129, Rev. St. 1913; also *Fisher v. State,* 52 Neb. 531; *Holmes v. State,* 58 Neb. 297; *Hennig v. State,* 102 Neb. 271. This court affirmed and reiterated the doctrine that it is mandatory that a jury, on conviction, shall declare in their verdict the value of the property falsely obtained. It is obvious in the case on trial, or review, when the

jury failed to find any value for the property, that then the trial court had no jurisdiction to sentence the defendant.

. It has been suggested that the defendant could just as well be considered as having been tried under chapter 200, Laws 1917, and thus avoid the error the jury made in fixing no value as is required in section 9129, Rev. St. 1913. The last named statute fixes a maximum penalty of seven years, and a minimum penalty of one year, while the automobile statute as found in chapter 200, Laws 1917, fixes as a maximum penalty ten years. The difficulty with this position is that the trial judge is simply a ministerial officer in this respect, and can only pass sentence from the minimum to the maximum. The legislature conferred no discretion in the indeterminate sentence act, for this act, among other things, says: "But the court imposing such sentence shall not fix the limit or duration of the sentence." Then is it not plain that the trial judge is simply before the jury to administer the edicts of the statute without any discretion whatever? Then, to quote the remainder of the statute, we have: "But the term of imprisonment of any person so convicted shall not exceed the maximum nor be less than the minimum term provided by law for the crime for which the person was convicted and sentenced." Then, to make the meaning clear, this statute closes with these words: "The release of such person to be determined as hereinafter provided." Rev. St. 1913, sec. 9152. Then the following section (9153) provides a prison board, and defines the qualifications, and how this board shall be created, and the terms of office of the respective members of this board. Then section 9154 provides as to how the board can be informed as to the nature of the crime committed. In short, it provides for a biography of the criminal career of the prisoner. In this way the board is informed of its duties as to the welfare and best interests of the prisoner.

We find in section 9156, Rev. St. 1913, the powers and duties of this prison board defined, and so on throughout the entire act is provided ways and means for the management, punishment, and all regulation of prisoners. Thus it is the policy and scheme in this state to take the charge of prisoners out of the hands of the district court the moment he has administered his duties in following out the mandate of the state with respect to fixing the minimum and maximum sentence named in the statute.

It needs but a casual search into governments of the various states to discover that it is the trend of judicial decision respecting the powers of the legislature, to authorize boards and commissions to make rules and to enforce them in respect to the subject committed to them. In short, chapter 34 (secs. 9152-9171) Rev. St. 1913, is a complete act providing for the control, length of term of imprisonment, and many other details.

Thus it is provided that the board of pardons fixes the length of term which a prisoner shall serve. The trial judge names the maximum and minimum sentence only, then the prison board of pardons and parols determines the duration of the term of imprisonment, and, when any district judge pronounces any sentence but a maximum or minimum, he is acting without jurisdiction. The prison board fixes this. Then, in view of all this, it follows that in the case at bar, where the defendant was convicted on the charge of grand larceny, and sentenced under the indeterminate sentence act for from one to seven years, and no value found by the jury, as provided by statute, the court had no jurisdiction to pronounce sentence, and it follows that the sentence pronounced could not apply to or come under chapter 200 of the Laws of 1917, because this act provides for a maximum sentence of ten years. Therefore the maximum sentence pronounced by the trial judge is surplusage when applied to this chapter 200, Laws 1917. This must be so because, as before mentioned, the trial

Lee v. State.

judge under this indeterminate act is only a ministerial officer. In support of these views this court in *Williams v. State,* 91 Neb. 605, explains the meaning and workings of this indeterminate sentence act.

This indeterminate act as a method of punishment, and in the control and regulation of prisoners, has been passed upon by many leading courts of this country. For instance, the state of Michigan has a statute slightly different from this state, but, like Nebraska, holds the trial judge, a ministerial officer passing sentence from the maximum to the minimum, as provided by the statute. As substantiating these views, we cite *Berlin v. Belle Isle Scenic R. Co.,* 141 Mich. 646; *In re Evans,* 173 Mich. 25; *In re Campbell,* 138 Mich. 597; *Williams v. State, supra.* In Illinois they have on this subject a statute similar to Nebraska. Then what the Illinois supreme court has to say is both instructive and interesting. We cite *People v. Roth,* 249 Ill. 532, and 2 Ill. St. sec. 4160. This Illinois Criminal Code, like Iowa, Wisconsin and Michigan, simply makes the trial judge a ministerial officer. Then it follows that, having failed to convict defendant of grand larceny, as provided by statute, chapter 200, Laws 1917, this finding must be reversed.

REVERSED AND REMANDED.

SEDGWICK, J., dissenting.

I cannot concur in reversing the judgment of conviction. The grand larceny statute and the automobile statute describe the same offense, except that, if the article stolen is an automobile, then value need not be proved. The information (which referred to no statute) alleged facts which, if true, made the defendant guilty under either statute. The information charged every element of the crime of stealing an automobile under the statute. The crime which defendant committed, if guilty, was properly charged under either the grand larceny or the automobile statute. The information was good under either.

The majority opinion cites cases from other states which, in construing statutes entirely different from ours, decide that "the trial judge is simply a ministerial officer," under their indeterminate sentence act, and from these cases the opinion concludes that the judge is "simply before the jury to administer the edicts of the statute without any discretion whatever;" and that, therefore, the "maximum sentence pronounced by the trial judge is surplusage." These conclusions are derived from cases like *In re Evans*, 173 Mich. 25, cited in the majority opinion. In that case the trial court made the maximum sentence less than that fixed by their statute, and when the time fixed by the trial court had expired, the defendant applied for discharge from imprisonment on the ground that his term had expired. The supreme court said: "The duty imposed on the trial court was not one in which he had any discretion, but was simply a plain ministerial duty. This being so, it would follow that the maximum period of 5 years, fixed by the trial court, is a nullity, and should be rejected as surplusage, and the remainder of the sentence read in connection with the statute, which fixes the maximum period at 15 years.    *   *   *   As soon as sentence was pronounced upon the petitioner, the statutory maximum penalty became a part of it. It was a legislative fixing, with no power in the trial court to make it more or less, and the fact that he did make it less, either through inadvertence of misapprehension, could no more alter the statutory period than as though he had named a longer period than 15 years." If our statute is to be construed to have that meaning and effect, which seems doubtful to me, and if the act of the trial judge in attempting to fix the maximum penalty "through inadvertence or misapprehension" was "surplusage," and the statute fixed the maximum, as the majority opinion holds, why should this judgment be reversed? The Michigan case relied upon decides that such surplusage in the sentence is immaterial, and it

is clearly right in refusing to regard such a technicality. If the law itself fixed the maximum sentence, as the opinion holds, the sentence is definite. Even if it was necessary that the trial judge should state in the record the sentence which the law fixes, there is no necessity for another trial. The record should be returned to the trial court for correction in that respect, as was done in *McCormick v. State,* 66 Neb. 337. In that case the court said: ''The error in passing judgment on the defendant having occurred subsequent to the verdict of the jury on which the judgment was rendered, the same must be reversed and the cause remanded for the rendition of a valid judgment; following *Dodge v. People,* 4 Neb. 220; *Tracey v. State,* 46 Neb. 361; *Griffen v. State,* 46 Neb. 282; *Hornberger v. State,* 47 Neb. 40.''

It seems to me that under our statute the judgment entered by the trial court should ''not exceed the maximum'' provided by the statute, but the trial court may make the maximum less when the plain facts in the case require that the defendant should be protected against the possibility of cruel and unusual punishent. And, if the statute makes the maximum absolute, and ''the trial judge is simply a ministerial officer,'' so that ''the maximum sentence pronounced by the trial judge is surplusage,'' as held by the majority opinion, that act of the judge should be disregarded, as was done in the cases cited from other states in obedience to their statutes. In that case, the judgment should be affirmed. But if the judgment is reversed, the case should be remanded, not for a new trial, but to correct the supposed technical defect in the sentence, as this court has uniformly heretofore done.

Rose and Cornish, JJ., concur in this dissent.