EDWARD MARES V. STATE OF NEBRASKA.

FILED OCTOBER 20, 1924.   No. 23992.

1. Receiving Stolen Goods: PLEADING AND PROOF: VALUE. In a prosecution under section 9616, Comp. St. 1922, it is neither necessary to allege in the information nor to find in the verdict the value of the property described.

2. Indictment and Information: FILING. It is not essential to the validity of an information in a criminal case that it show upon its face the term of court at which it was filed, or that it was filed during term time. Comp. St. 1922, sec. 10087.

3. Instructions of the court are *held* free from error.

4. Evidence. The evidence is *held* to sustain the the verdict.

ERROR to the district court for Saline county: RALPH D. BROWN, JUDGE. *Affirmed.*

*Bartos & Bartos* and *Crofoot, Fraser, Connolly & Stryker,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lee Basye, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, DAY, GOOD and THOMPSON, JJ.

MORRISSEY, C. J.

Defendant prosecutes error from a conviction had under section 9616, Comp. St. 1922. The information on which he was tried was in two counts: The first charged that de-

fendant "on or about the 20th day of April, A. D., 1923, in the county of Saline, and the state of Nebraska aforesaid, then and there being in said county, did then and there unlawfully and feloniously receive one Ford five passenger touring automobile with the intent to defraud one Louis Mougey, who was then and there the owner of the said automobile," knowing the same to have been stolen. The second count was like unto the first, except that it alleged that defendant "did then and there unlawfully and feloniously buy one Ford five passenger automobile," with like knowledge. Section 9616, Comp. St. 1922, under which this prosecution was brought reads as follows:

"Any person who steals, or attempts to steal, an automobile or motorcycle, of any value, or who receives, or buys, or conceals, an automobile or motorcycle, of any value, knowing the same to have been stolen, with the intent thereby to defraud the owner; or who conceals any automobile or motorcycle thief, knowing him to be such, shall be deemed guilty of a felony, and on conviction, shall be imprisoned in the penitentiary not less than one year nor more than ten years. The possession of such property without the consent of the owner and without a certificate of registration issued to the possessor as required by law, shall be *prima facie* evidence of guilt."

It may be noted that this section makes it a felony to steal, buy, receive, etc., an automobile "of any value," while the information contains no allegation to the effect that the automobile was of any value. On the question of value, the instructions and verdict are as silent as the information. Defendant contends that this is reversible error. A superficial consideration of the question leads to that conclusion, but the holding in this jurisdiction is to the contrary. So far as the phrase "of any value" as it occurs in the statute, is concerned, it occupies the same relative position as the same phrase occurring in section 9602, Comp. St. 1922, relating to the stealing, or receiving of stolen horses, and section 9603, Comp. St. 1922, relating to the stealing or receiving of stolen cattle. For many years the rule as ap-

plied to these sections coincided with the contention now made by defendant. The incorrectness of that rule was first suggested in *Keller v. Davis,* 69 Neb. 494; however, it continued to be applied until the adoption of the opinion in *Griffith v. State,* 94 Neb. 55. In the latter case there is an extended review of the section now carried as section 9603, Comp. St. 1922, and of our earlier decisions construing the same. The earlier decisions are overruled, and it is definitely announced that in a prosecution under that section "the jury are not required to ascertain and declare in their verdict the value of the cattle stolen." It is true, however, that in the course of the discussion the author of the opinion points out that there was formerly a statute which vested large discretion in the trial judge in the imposition of a sentence, and for that reason it was well to show the value of the property involved, as "the court would not be likely to sentence one convicted of stealing a calf of the value of $10 to as long a term of imprisonment as one who had been convicted of stealing a number of animals of considerable value." The author of the opinion then points out that the statute he had just mentioned had been superseded by what is commonly known as the indeterminate sentence act. Counsel now urge that, under the present form of our statute, discretion as to the term of the sentence in this class of cases is again vested in the court, and that *Griffith v. State, supra,* should not longer be accepted as authority. This may be answered by saying that what the author of the opinion said as to the indeterminate sentence statute was by way of interpolation and was not a controlling reason for the conclusion reached. In definite language it is said: "The value has nothing to do with determining the grade of the crime. It is therefore unnecessary, for that purpose, for the jury to find the value of the property." It will be seen that we are not dealing with a new subject. The statute under which this prosecution is brought was enacted in 1917, while the opinion in *Griffith v. State, supra,* was adopted in 1913. It is therefore apparent that, when the section of the statute

under consideration was adopted, the legislature had knowledge of the construction placed upon the statute defining the crime of cattle stealing, and, with such knowledge, enacted the automobile statute in substantially the same language.

Counsel for defendant directs our attention to the opinion in *Lee v. State,* 103 Neb. 87, wherein error was found because the jury failed to find and return in their verdict the value of an automobile which had been stolen. However, in that case the prosecution was not based upon the section of the statute herein under consideration, which deals with crimes against automobiles and motorcycles. The information in that case was filed under the general larceny statute, and the court instructed the jury directly to that effect. It will be seen, therefore, that the case of *Lee v. State, supra,* is not authority in the instant case. The case of *Griffith v. State, supra,* by analogy, is binding upon the court in the instant case, and the rule there announced is adhered to. We therefore hold that, in a prosecution under section 9616, Comp. St. 1922, it is neither necessary to allege in the information nor to find in the verdict the value of the property involved.

Complaint is made because the information did not specify the term of court at which it was filed, but it is no longer necessary that this should be done. Comp. St. 1922, sec. 10087.

Criticism is made of certain of the instructions of the court. However, when they are construed in the light afforded by the whole record, no prejudicial error appears in any of them. The evidence supports the verdict and the judgment is

AFFIRMED.

` Note—See Indictments and Informations, 31 C. J. p. 640, sec. 156—Receiving Stolen Goods, 34 Cyc. pp. 49, 50.