CHARLES COCHRAN ET AL. V. STATE OF NEBRASKA.

FILED DECEMBER 11, 1931. No. 28027.

*John E. Lowe,* for plaintiffs in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

The defendants were found guilty of stealing a cow. By motion to quash and by demurrer, the defendants challenged the sufficiency of the information to charge the offense. The particular criticism is that the information failed to charge a crime, in that it did not state the value of the cow. Section 28-515, Comp. St. 1929, the statute under which the information is laid, denounces "whoever steals any cow, steer, bull, heifer, or calf, of any value." Where chicken stealing was the subject-matter, under section 28-524, Comp. St. 1929, which contains the same phrase, "of any value," we held that it is not necessary to allege in the information that the stolen chickens had any value. *Halbert v. State,* 116 Neb. 1, and cases cited therein. The same principle applies here.

It is assigned as error that the evidence is insufficient to support the verdict. We have examined the evidence. It is unnecessary to detail it, but we are of the opinion that it was sufficient to submit to the jury on the state's theory of guilt and to support the verdict of the jury. While there was contradictory evidence on behalf of defendants, it was peculiarly the province of the jury and not of the court to decide the facts.

On the same day the motion for a new trial was overruled, and five days after the verdict, defendants filed an additional and supplemental motion for new trial, supported by two affidavits.

One of these affidavits was made jointly by Gladys Cochran (not described) and Gertrude Lemon (wife of a defendant). It stated that, at the noon recess before the argument ended, they saw the father of the complaining witness in conversation with one of the jurors (unnamed) in the hall of the courthouse and indicating to the juror, by

signs with his fingers; the Roman figure "V." They say "they reported the said circumstance to the attorney for the defendants as soon as they had an opportunity but which was after the submission of said cause to the jury and following the court's instructions after the jury had retired to deliberate." The father was sworn and testified, in opposition to the affidavit, that he did not know any of the jurors, and that he never talked or made signs to any one in the manner indicated. There is no rule which requires the court to believe the affidavits impeaching the verdict. *Tracey v. State,* 46 Neb. 361. Moreover, even if we believe that a juror was conversed with in the manner stated, yet the affidavit did not show diligence in bringing the alleged misconduct to the attention of the trial judge. Even defendants in criminal cases must deal fairly by the court. The matter is ruled by *Polin v. State,* 14 Neb. 540.

The other affidavit, by the defendant Cochran, charged that the juryman who was afterwards made foreman said to a fellow juryman, when the defendant Lemon took the stand (on June 11th or 12th) wearing an ill-fitting black sweater belonging to a codefendant, "I wonder where he got that sweater;" that the remark caused some others of the jury to laugh and that such ridicule was prejudicial. The foreman of the jury was sworn and denied making the above quoted remark or any similar one. He testified it was a very hot day and he said, in substance and effect, to the juror next to him that he would think it pretty hot with the sweater on. The court did not err in holding that the supplemental motion for a new trial was not grounded on facts showing prejudice of jurors or misconduct of any juror.

Other alleged errors are assigned. We find no prejudicial error committed by the trial court. For the reasons given, the judgment of the district court is

AFFIRMED.