CLARENCE GRAHAM ET AL. V. STATE OF NEBRASKA.

FILED APRIL 8, 1932. No. 28174.

E. D. *Clarke* and J. *Jay Marx*, for plaintiffs in error.

C. A. *Sorensen, Attorney General, contra.*

Heard before Goss, C. J., ROSE, DEAN, GOOD, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

DEAN, J.

Clarence Graham, Franklin Graham, and Frank Williams were informed against in the district court for Keya Paha county and there jointly charged with having unlawfully stolen one barrow hog. The defendants each pleaded guilty and the court thereupon sentenced them to the reformatory for men for not less than one nor more than five years. The defendants prosecute error.

The assignment complained of is that the information does not "charge a crime against the statutes of Nebraska," and is defective in that the value of the stolen hog was not set out therein.

The defendants were prosecuted under section 28-523, Comp. St. 1929, which contains the following provision:

"Whoever steals any sow, barrow, boar or pig of any value, or receives or buys any sow, barrow, boar, stag or pig that shall have been stolen, knowing the same to have been stolen, with intent by such receiving or buying to defraud the owner, or conceals any such thief, knowing him to be such, or conceals any sow, barrow, boar or pig, knowing the same to have been stolen, shall be imprisoned in the penitentiary not more than five nor less than one year and shall pay the costs of prosecution."

It should be noted that the statute makes the stealing of a hog "of any value" unlawful, while the information in the present case contains no allegation that the hog was of any value.

In *Halbert v. State,* 116 Neb. 1, in a prosecution for chicken stealing, we held that it was not necessary to allege in the information that the stolen chickens received by the defendants had value. And in *Mares v. State,* 112 Neb. 619, where the defendant was charged with buying and receiving a stolen automobile, we held that it was neither necessary to allege in the information nor to find in the verdict the value of the automobile there involved. And a general rule has been stated in this language by a recognized authority, namely: "Where by statute an aggravated form of larceny is punishable without reference to the value of the goods stolen, the value need not be stated." 36 C. J. 826.

The stolen hog that is the subject of this opinion is presumed to have been of some value and we conclude that, in a prosecution for hog stealing, under section 28-523, Comp. St. 1929, it is not necessary to set out in the information the value of the stolen animal. Reversible error is not disclosed in the record.

The judgment is

AFFIRMED.