CARL BUTHMAN v. STATE OF NEBRASKA.

FILED JULY 1, 1936. No. 29736.

Joseph L. Gagnon and Armstrong & McKnight, for plaintiff in error.

*William H. Wright, Attorney General,* and *Daniel Stubbs, contra.*

Heard before GOSS, C. J., GOOD, DAY and PAINE, JJ., and BLACKLEDGE and LANDIS, District Judges.

DAY, J.

Carl Buthman brings this proceeding in error to review a judgment of conviction in the district court of the crime of cattle stealing. He was sentenced to ten years in the penitentiary.

(1) One assignment of error is that the state failed to prove that the cattle stolen were of some value. Section 28-515, Comp. St. 1929, provides that whoever steals a cow, steer, bull, heifer, or calf of any value shall be punished. The question presented here has been passed upon by this court several times. In *Cochran v. State,* 122 Neb. 79, 239 N. W. 471, it was held that it was not necessary for the information to state the value of the cow. A similar statute was considered by the court in *Halbert v. State,* 116 Neb. 1, 215 N. W. 459, in which case it was held that a statute which denounced the stealing of chickens of "any value" did not require that the information charge that the chickens had some value. In *Graham v. State,* 123 Neb. 63, 241 N. W. 786, the statute condemning the stealing of hogs of "any value" was considered, and it was held not necessary to set out that the hogs were of some value. The statute relating to the theft of automobiles was considered in *Mares v. State,* 112 Neb. 619, 200 N. W. 448, and it was held that under section 28-528, Comp. St. 1929, it is neither necessary to allege in the information nor to find in the verdict the value of the property described. A fair consideration of these authorities leads us to the conclusion that in a prosecution under section 28-515, Comp. St. 1929, it is neither necessary to allege in the information nor to prove the value of the property described. There is evidence in this case that the defendant loaded six or seven white-faced cattle of the average weight of 700 pounds. This evidence fulfills the requirement of the

statute which defines the crime as the stealing of cattle of "any value."

(2) The plaintiff in error assumes that he was sentenced under the habitual criminal statute, section 29-2217, Comp. St. 1929, and alleges that the information did not charge that he had been previously convicted, and that no evidence was introduced as to such previous convictions. It is not necessary for a decision of this case to determine the requirements as to the information and proof necessary under the habitual criminal statute, because it appears that the defendant was not sentenced under this section of the statute but rather under section 28-515, Comp. St. 1929. The penalty provided under the latter section is imprisonment in the penitentiary for not more than ten years nor less than three years. The penalty under the habitual criminal statute is not less than ten years. Before passing sentence, it appears that the trial judge made an investigation which disclosed that the plaintiff in error had been twice convicted of a felony and sentenced not less than a year on each charge. The trial judge apparently took this into consideration in passing sentence upon the charge of cattle stealing, but the record negatives the contention that the sentence was under the habitual criminal statute. A similar situation was presented in *Booth v. State*, 122 Neb. 544, 240 N. W. 753, in which the trial court ascertained immediately before passing sentence that the defendant had previously been convicted of other criminal offenses. But it was held that he was sentenced under the statute relating to arson, and the sentence was, as in this case, within the court's discretion and warranted by his past record.

Closely related to the foregoing complaint is the contention of the plaintiff in error that the sentence of ten years under the circumstances is excessive. This defendant had been convicted upon two previous occasions and sentenced to the penitentiary for more than a year upon each conviction. He was convicted in this case of loading six or seven cattle, the property of another, into a truck in the

night-time. He was found guilty by the jury of backing a truck into a ditch along the public road, going into a pasture, cutting the wires of the fence, and driving the cattle out and loading them in this truck. The driving-shaft of the truck broke so that he was not able to move them from the side of the road, but under the circumstances of the case, and the fact of the two previous convictions, which are not denied, it is not considered by this court that the sentence is excessive.

(3) The sufficiency of the evidence to sustain a conviction is assailed. The argument is that, since the cattle were not moved in the truck, there was no violation of the statute. It seems to be the argument that there was no necessary asportation or carrying away of the cattle. The evidence in the case, which was disputed but which the jury has resolved against the defendant, is that he drove the cattle from a barnyard a quarter of a mile to the truck, where they were loaded in the truck and the end closed. In getting them out of the premises of the owner, the wires of the fence were cut, and the cattle were in the exclusive control and dominion of the defendant in moving them from the owner's property, and certainly when they were loaded in the truck and the end-gate closed, his possession of them was complete and in violation of the rights of the owner. It is argued that merely to chase an animal without catching it, or to entice it a few yards by dropping corn before it is not larceny, however felonious the intent, because no absolute and exclusive adverse possession is acquired by the wrong-doer. 36 C. J. 750, is relied upon to support this contention. But the facts in the case do not bring it within the rule. One who removes cattle from the premises of the owner, as in this case, by cutting the fence, and loads them in a truck, closing the end-gate, has the same under complete control, and there is a sufficient asportation to satisfy the law. The rule is succinctly stated in *McIntosh v. State,* 105 Neb. 328, 180 N. W. 573, 12 A. L. R. 798: "Any removal of the property, after the same is under the complete control of the taker, from the

spot where found, with the requisite intent of the taker to steal, is sufficient asportation to satisfy the law." The cattle in this case were under the complete control of the defendant from the time when he commenced to drive them from the barnyard, and the fact that one escaped from him in loading them upon the truck does not alter this fact. The evidence as outlined above is sufficient to support a conviction in this case.

(4) Another assignment of error relates to the admission of testimony of the sheriff and deputy sheriff of Richardson county as to conversations with the truck-driver prior to the time of the alleged commission of the crime. The plaintiff in error does not indicate the testimony to which he takes exception, but states in his brief that it is the conversations which the sheriff and deputy sheriff had with Currier, the truck-driver. This has made it necessary to examine the testimony of the sheriff and deputy sheriff.

A careful examination of the testimony reveals that the sheriff received a tip from the truck-driver to watch for his truck. The testimony then details what was done by these officers up until the time of the arrest of the defendant. It does not appear that there was any error committed by the trial court in the reception of the evidence of the sheriff or deputy sheriff.

(5) The plaintiff in error alleges that the ruling of the trial judge in overruling his demurrer to the information was erroneous for the reason that the information charged that the crime was committed on the 16th day of September, "19235," an impossible date. The original complaint filed stated the correct date. The information was prepared by filling in a form which had a blank for the date, and the printed figures "192—." In filling in the form, 35 was added after the printed figures without striking out the 2. The plaintiff in error relies upon *McKay v. State,* 90 Neb. 63, 132 N. W. 741, to support his contention. In that case, it was held: "An information is fatally defective if it charges the commission of the offense as subsequent

to the date upon which the information is filed, or on an otherwise impossible date." This paragraph of the syllabus was modified upon rehearing by eliminating the word "fatally." *McKay v. State,* 91 Neb. 281, 135 N. W. 1024. In the cited case, McKay was prosecuted under an information filed April 28, 1910, which charged that he feloniously killed Albert Brown on the 7th day of December, 1910. It appears that the crime charged occurred December 7, 1909. This information was assailed with a motion to quash and a demurrer, both of which were overruled. After the jury were impaneled and the opening statements were made, a witness was called for the state, whereupon the defendant objected to the introduction of any evidence for the reason that the information charged the commission of the crime on an impossible date. The prosecuting attorney then amended the information by changing "1910" to "1909." The defendant objected to going to trial for the reason that the information as amended had not been served upon him as required by statute. This was made the basis of the judgment of reversal. While the first opinion held the information void, this was modified on rehearing so that it was held merely defective.

The case at bar differs in some respects from the cited case. In this case, only a general demurrer was filed. In the *McKay* case, a motion to quash as well as a demurrer was filed. The defect in the present case was apparent on the face of the record and could have been, but was not, excepted to by a motion to quash. Comp. St. 1929, sec. 29-1807. Section 29-1811, Comp. St. 1929, provides: "The accused shall be taken to have waived all defects which may be excepted to by a motion to quash, or a plea in abatement, by demurring to an indictment." In harmony with this provision, it is held that defects in an information which might have been attacked by a motion to quash are waived by a general demurrer. *Green v. State,* 116 Neb. 635, 218 N. W. 432; *Huette v. State,* 87 Neb. 798, 128 N. W. 519. It would be unthinkable to reverse this judgment for a defect in the information which was not the subject of controversy at any stage of the proceedings.

There are other good and sufficient reasons for affirming the judgment. While it is true that the common law required much particularity in alleging the time of an offense, the strictness of the common-law rule has been relaxed where time is not of the essence of the offense. *Palin v. State,* 38 Neb. 862, 57 N. W. 743. Time is not of the essence of the offense charged here. There is no dispute in the record as to the time the circumstances occurred which are charged as constituting the offense. No substantial right of the defendant was prejudiced by the defect in the information. Neither he, nor the jury, was misled by the typographical error.

Section 29-1501, Comp. St. 1929, provides: "No indictment shall be deemed invalid, nor shall the trial, judgment or other proceedings be stayed, arrested or in any manner affected: * * * for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense; nor for stating the time imperfectly."

There are cases, some of which are cited in the brief of the plaintiff in error, which adhere to the old common-law rule. But the rule adopted by legislative enactment seems the more practical, especially when it is not prejudicial. In *White v. State,* 23 Wyo. 130, 147 Pac. 171, a similar error occurred, where with "190—" printed in the form, the figures "13" were added, making the impossible date of "19013." Under a statute similar to ours, it was held not fatally defective. See the opinion in the same case on rehearing, *White v. State,* 23 Wyo. 142, 148 Pac. 342. In the latter opinion, it was said:

"It would hardly be contended that any one would read this information and understand it otherwise than as intended to charge the commission of the offense in the year 1913, notwithstanding that the figure '0' was not erased or that the figure '1' was not typewritten over it instead of immediately following it. But if the court must be so insensible to the common understanding of men and read the statement of the year in this information as 19013,

then we are clearly of the opinion that in that respect the information is no more objectionable than if the time of the commission of the alleged offense had been entirely omitted. Indeed we think that is the effect of stating the year as 19013, a date beyond the practical comprehension of any person living today, so that the information may properly be considered as failing to state the year, and, therefore, omitting to state the time of the commission of the offense, and thus bringing the case within the provisions of section 6165 as to such an omission."

This argument is appealing, but it seems preferable to base the decision here upon the other ground. There is no prejudicial error in the record, and the judgment is

AFFIRMED.