STATE OF NEBRASKA, APPELLEE, V. CLARENCE ECKSTEIN, APPELLANT.

188 N. W. 2d 440

Filed June 25, 1971. No. 37854.

W. G. Cambridge, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

An information charging defendant Clarence Eckstein with larceny by bailee of an automobile did not allege the value of the automobile. Upon a plea of guilty Eckstein was sentenced to imprisonment from 3 to 5 years. He appeals. He asserts that the information omitted an essential allegation—specific value of the automobile.

The information charged a violation of section 28-540, R. R. S. 1943. The section concludes that an offender is deemed guilty of larceny in the same manner as if the original taking were felonious. Upon conviction he is to be punished accordingly.

Stealing of an automobile is a separate offense without regard to the amount of its value. It is punishable by imprisonment from 1 to 10 years. See § 28-522, R. R. S. 1943. Grand larceny is punishable by imprisonment from 1 to 7 years. See § 28-506, R. R. S. 1943. The court informed Eckstein the maximum penalty was imprisonment for 7 years.

An information alleging conduct prohibited generally

by one statutory section and specifically by another section charges an offense under the specific section. See, Buthman v. State, 131 Neb. 385, 268 N. W. 99 (1936); Graham v. State, 123 Neb. 63, 241 N. W. 786 (1932); Hogoboom v. State, 120 Neb. 525, 234 N. W. 422, 79 A. L. R. 1171 (1931) (dictum); Halbert v. State, 116 Neb. 1, 215 N. W. 459 (1927); Gragg v. State, 112 Neb. 732, 201 N. W. 338 (1924); Mares v. State, 112 Neb. 619, 200 N. W. 448 (1924) (receipt of stolen automobile); Griffith v. State, 94 Neb. 55, 142 N. W. 790 (1913); Wallace v. State, 91 Neb. 158, 135 N. W. 549 (1912); cf. Kruger v. Brainard, 183 Neb. 455, 161 N. W. 2d 520 (1968); A. L. I. Proposed Official Draft, Model Penal Code, § 1.07(d) (1962).

In Lee v. State, 103 Neb. 87, 170 N. W. 359 (1919), the information charged Lee with larceny of an automobile worth $200, a sum large enough for grand larceny. The court, 3 judges dissenting, reversed his conviction for failure of the jury to find the value of the automobile. On the issue before us Lee illustrates asymmetry in the law. Although it harmonizes with some cases decided prior to 1912, Lee today is a wild recessive.

Specific value of the automobile was not an essential allegation against Eckstein. In so concluding, we are not construing the criminal code retroactively. See Bouie v. Columbia, 378 U. S. 347, 84 S. Ct. 1697, 12 L. Ed. 2d 894 (1964).

The other assignments of error, one of which is invalidity of Eckstein's plea, are not well taken. The judgment is affirmed.

AFFIRMED.

CLINTON, J., dissenting.

I dissent respectfully. In prosecution upon charge of larceny by bailee proof of value is an essential element of the crime in order that the court may determine punishment for either grand or petit larceny. There is nothing in section 28-540, R. R. S. 1943, to indicate that the measure of punishment depends upon the nature of the property taken rather than its value.